H. E. TEACHOUT v. ALEXANDER DUFFUS and SUSAN DUFFUS ET AL., Appellants.

Easements: IMPLIED GRANT.  On the conveyance of one of two adjoining lots, upon the boundary line between which a driveway has been constructed for the accommodation of both, by one in whom there was an unity of title and possession, there is an implied grant of the right to use the driveway as an easement appurtenant to the lot conveyed.

Mortgages: FORECLOSURE: PARTIES.  The foreclosure of a mortgage does not cut off the rights of persons in the property who are not made parties to the proceedings.

*Appeal from Polk District Court.*—HON. A. H. McVEY, Judge.

TUESDAY, MARCH 9, 1909.

ACTION in equity to confirm an easement as appurtenant to the plaintiff's premises and to enjoin the defendants from interfering with the plaintiff's use thereof.  The plaintiff was awarded a part of the relief prayed, and both parties appeal.  The defendants will be designated herein as appellants.—*Affirmed.*

*Dudley & Coffin,* for appellants.

*S. B. Allen* and *Sullivan & Sullivan,* for appellee.

SHERWIN, J.—An opinion in this case was filed on the 9th of April, 1908, but a rehearing was granted, and the case has been resubmitted.

The plaintiff is the owner of lot 13 and the South one-half of lot 14, in block 14 in the city of Des Moines.

A dwelling house stands within two or three feet of the north line of said property, and the premises are otherwise improved. The defendants are the owners of lot 15 and the North one-half of lot 14 in the same block, and their property is improved and used for residence purposes. The Lewis Investment Company was at one time the owner of all of these lots. It acquired title to the property owned by the plaintiff in August, 1890, and title to that owned by the defendants in 1892, and it held title thereto until November 24, 1894, at which time both properties were conveyed to Geo. H. Lewis, trustee, who subsequently conveyed lot 13 and the South one-half of lot 14 to Nelson Royal, assignee, in March, 1898. Nelson Royal and Geo. H. Lewis joined in a conveyance of the last-mentioned property to one Newton, the plaintiff's remote grantor. The Marble Savings Bank acquired title to lot 15 and the North one-half of lot 14 by sheriff's deed in March, 1900, and conveyed said property to Duffus in October, 1904. Between July, 1892, and March, 1898 (on which later date the plaintiff's property passed from Nelson and Lewis to Newton), both properties were owned in fact by the Lewis Investment Company. After the investment company had become the owner of both properties, it constructed a driveway along the center line of lot 14, the south side of said driveway being two or three feet north of the north side of the house on the plaintiff's property. This driveway extended across the lot to the barn on the east end thereof, and it was made of cinders. The investment company also constructed a coal chute on the north side of the plaintiff's house and arranged the furnace room and furnace so that the coal used should be taken in through said chute. There was no way of getting to this chute with coal except by use of the driveway in question, and the driveway was continuously used for that purpose and for the purpose of reaching the plaintiff's barn until it was obstructed by the defendants a short time before this suit was commenced.

The plaintiff and his grantors, when they purchased, understood that the driveway was a part of the property purchased, and that it was necessary for the use of said property. On the original submission of this case the plaintiff urged that the true line between the properties was the north line of the driveway, and, further, that the line·was fixed by mutual agreement and acquiescence. Both of these positions he now abandons and relies solely upon his third contention, which was that there was an implied grant of the easement at the time of the conveyance by the Lewis Investment Company ·to the plaintiff's grantor. At the time the driveway was constructed and the coal chute put in, the Lewis Investment Company was the owner of both pieces of property.

There was unity of title and possession when the conveyance was made to the plaintiff's grantor, and in such cases it is settled that on the conveyance of one parcel of such land there is an implied grant or reser-

1. EASEMENTS: implied grant. vation "of all apparent or continuous easements or incidents of property which have been created or used" by the owner "during the unity of possession, though they could then have had no legal existence apart from his general ownership." Washburn on Easements, 81; *Carrigg v. Bank,* 136 Iowa, 261, and cases therein cited. That the driveway in question was an apparent and visible easement belonging to the property conveyed to the plaintiff's grantor does not admit of doubt, and, if it is reasonably necessary for the use of his property, he is entitled to its continuance. If the driveway were to be now closed, the plaintiff would be compelled to make substantial changes in his house and grounds, all of which would be a serious damage to his property. We reach the conclusion therefore that the driveway is reasonably necessary for the fair enjoyment of the plaintiff's property, and that he had the right to continue its use.

The mortgage through which the Marble Savings

Bank acquired title was executed before the investment company took title to the property, but the then owner of the plaintiff's property was not made a party

**2. MORTGAGES: foreclosure: parties.** to the foreclosure proceedings, and his rights were not therefore cut off. *Phillips v. Blair,* 38 Iowa, 649; *Thompson v. Miner,* 30 Iowa, 386; *Carrigg v. Bank, supra.* The appellee does not now press the claim that a part of his barn should be permitted to stand on the defendants' land, and we need say no more on the subject than that we think the decree below right in all respects.

The judgment is therefore *affirmed.* on both appeals.