## AGREEMENT TO MAINTAIN A STAIRWAY.

Common Pleas Court of Summit County.

JOHN F. KRATZ ET AL v. O. P. F. RISCH ET AL.

Decided, November 25, 1912.

*Deeds—Privity of Estate—Covenant Runs with the Land, When—Evidence as to Intention of the Parties—Land Subjected to a Servitude by Agreement to Maintain a Structure.*

1. The recital in a deed, "subject to the condition that the owner of the part of the said lot herein described shall build, construct, maintain and keep in repair a passage, stairway and landing not less than three feet in width along and adjoining the party wall between the south part of said lot and the part herein described," constitutes a covenant running with the land, and not a condition subsequent or an agreement personal to the parties thereto.
2. In construing such a recital it is not error to admit testimony throwing light upon the circumstances surrounding the parties to the deed at the time of its execution.

*Geo. M. Anderson,* for plaintiffs.
*Allen, Waters, Young & Andress,* contra.

STROUP, J.

The only question for determination as made in the briefs of counsel, and the only one I am called upon to decide, pertains to the proper construction to be placed upon a certain clause in a warranty deed executed by Edward B. Angel to Thomas Uppington, under date of May 19, 1866, which deed conveys certain premises located on Howard street, in the city of Akron, Ohio.

Does the following language employed in the deed create a covenant running with the land, or a condition?

"Subject to the condition that the owner of the part of said lot herein described shall build, construct, maintain and keep in repair a passage, stairway and landing not less than three feet in width along and adjoining the party wall between the south part of said lot and the part herein described from the east line of Howard street to the second-story of such building as may be upon the part of said lot herein described and that said passage and stairway shall at all times be and continue an open, free and unobstructed passage for all persons and for all purposes for which such ways are ordinarily used."

The plaintiffs contend that a condition subsequent was created by the above language, that the language used does not evince an intention of a covenant running with the land, and that in law the subject-matter is not of such a character that it can be deemed to be a covenant running with the land, and since the parties hereto were not the original parties to the deed, nor heirs of the same, that for that reason the plaintiffs are not in law bound to construct, maintain or keep in repair the stairway mentioned in the above quoted clause, that the defendants have no right to use the same as an approach to the upper stories of their building, and that an injunction should be granted enjoining the use of the stairway on the part of the defendants.

The defendants contend that a covenant running with the land was created by the language employed and that the plaintiffs are therefore under obligation to maintain the stairway in question, and that the defendants have the right to use the same as a means of access to their building, and they pray for a dismissal of the petition.

So it will be seen that if a covenant running with the land was created, the plaintiff's case must fail, but if a condition subsequent was created the prayer of the petition must be granted.

At the hearing of the case there was introduced evidence showing the location of the premises at the time the deed was made, as bearing upon the proper construction to be placed on the language used, and the court allowed such testimony to be

given, taking the question as to the admissibility of the evidence under advisement, to be passed upon when the case was finally disposed of. It being plain to the mind of the court from a reading of the deed that it is necessary to look to the circumstances surrounding the parties and the premises to properly construe the language employed, I hold that such testimony was competent and overrule the objection made thereto, and a proper exception is noted.

In support of this ruling I cite but one of the many authorities on this subject, namely, 11 Cyc., page 1058:

"In determining the subject-matter of a covenant, it is the duty of the court to ascertain the intention of the parties, and if that be lawful to give effect to it, and when the language employed is so ambiguous and contradictory as to leave it doubtful what the parties did intend, it must call to its aid the surrounding circumstances, the object had in view by the parties, and their state and condition."

Aided by the evidence showing the surrounding circumstances, what is the proper construction to be placed upon the deed as to the intent or otherwise of creating a covenant running with the land conveyed? The evidence shows that the original grantor, Edward B. Angel, owned two parcels of land on Howard street. The south parcel at the time the deed was made was nearly, if not completely, occupied by a block, and as the building was constructed the only means of getting to the second floor was by the use of an outside stairway, which was located on the north parcel. Angel in the deed mentioned conveyed the north parcel, which at that time had no building standing upon it, and therefore it became necessary to place in the deed the clause in question.

What did the parties intend by this clause? Was it to be merely a personal covenant or was it to be a permanent agreement?

The clause in question states "the owner of the part of said lot herein described (the north parcel) shall build, construct and maintain and keep in repair a passage, stairway and landing."

It will be noted that the obligation, by the language used, is confined to the owner, and does not in words include his assigns. The clause does state that a "passage, stairway and landing not less than three feet in width along and adjoining the party wall between the south part of said lot and the part herein described from the east line of Howard street to the second-story of such building *as may be upon the part of said lot herein described,* and that such passage and stairway shall at all times be and continue an open, free and unobstructed passage for all persons and for all purposes for which such ways are ordinarily used." Evidently the original grantee, from the reading of this clause, was contemplating the erection of a building on the parcel to which he gained title under said deed; at least, he accepted the deed with the clause therein written. It is evident the grantor did not intend that upon his death, or the death of his heirs, or upon the death of the grantee a reconstruction of his building might be required so as to provide a new means of access to the second-story, and it is clear that the original grantee, looking toward the erection of a building on the north parcel, did not have in contemplation that the original grantor should make such change in his building, for if such intention was present it is not shown by the language used. When people build blocks they construct them with a view to permanency, and do not contemplate any change in the same, especially as to their means of ingress and egress to and from the upper stories.

It is contended by the plaintiffs with much force that the word "assigns" or other words meaning subsequent owner was omitted purposely, and that therefore the clause can not be construed as a covenant running with the land, and, furthermore, that since in its language it speaks of a "condition," that has a strong tendency to show that the parties intended a condition and not a covenant. But a review of the authorities on this subject shows clearly that the court must look first to the intention of the parties, and if the proper words were not written to express that intention, to read them into the instrument.

"It is true that the word 'proviso' is a proper one to constitute a common law condition in a deed or will, but this is not

the fixed and invariable meaning attached to it by the law in these instruments. On the contrary, it gives way to the intention of the parties as gathered from an examination of the whole instrument and has frequently been thus explained and applied as expressing simply a covenant or limitation in trust." (5 Wallace, 119, at page 166.)

"A clause in a deed of land reciting that the grant is on the 'express condition' that the grantee, his heirs or assigns shall not thereafter maintain a nuisance on the premises, does not create a condition subsequent, but a covenant running with the land." (24 N. E., 1013.)

"Although the words of the clause in question are apt to describe a condition subsequent, reserved by a grantor, we are in no wise obliged to take them literally. In the consideration of what, by the use of these words, was imported into the conveyance, we are at liberty to affix that meaning to them which the general view of the instrument and of the situation of the parties makes manifest. Whether they created a condition or a covenant must depend upon what was the intention of the parties, for covenants and conditions may be created by the same words." (22 N. E., 145, at page 146.)

"It seems to be well settled in law that if a covenant is not, in nature and kind, a real covenant, the mere declaration of the parties that it shall run with the land will not make it a real covenant, though so stated in the document." (44 S. E., 520, at page 522.)

"The important consideration is, whether the covenant is annexed to the estate and runs with the land. If this be so, the rights and liabilities of those who take the estate and possess the land during the term, flow from a privity of estate, and not from any assignment of right or contract. If the covenant can not, or does not, run with the land, no words of assignment can create a privity of estate; if a privity of estate be created, no words of assignment are necessary. The word 'assigns' could only show that the covenant was intended to run with the land, for if the covenant were otherwise attached to the land and the privity of estate created, as in the ordinary case of covenant to repair, that word is shown by all the authorities not to be requisite to bind the assignee of the lease." (9 O. S., 341, at page 351.)

"Whether the possession is in fact a condition or a convenant is, in the absence of a clause of forfeiture or of re-entry, a very difficult question to determine. Under such circumstances the same words may be used to create a condition as to create a covenant (130 Mass., 180). The question is one of intention of the parties, to be ascertained from the entire instrument and the circumstances, and not on one of technical language used (4 Kent Com., 132)." 4 C.C.(N.S.), 369, at page 377.

These authorities and many others which might be cited, show that the inquiry should first be as to what was the intention of the parties, and after a careful consideration of all the circumstances as shown by the evidence and the language used in the instrument, I can come to no other conclusion than that the parties intended a continuing convenant, one running with the land.

It is urged by the plaintiff that the subject-matter is not such as can be construed to be a covenant running with the land. A very good definition of a covenant running with the land is to be found in 26 N. E., 198, at page 199:

"When an instrument conveys or grants an interest or right in land, and at the same time contains a covenant in which a right attached to the estate or interest granted is reserved, or when the grantee covenants that he will do some act on the estate or interest granted which will be beneficial to the grantor, either as respects his remaining interest in the lands out of which an interest is granted, or lands adjacent thereto, such covenant is one which may become annexed to, and run with the land, and bind its owners successively. When such grant is made, and contains a covenant so expressed as to show that it was reasonably the intent that it should be continuing, it will be construed as a covenant running with the land. A covenant which may run with the land must have relation to the interest or estate granted, and the act to be done must concern the interest created or conveyed."

It will be noted that the clause in question does not contain any words of defeasance or of forfeiture or re-entry. This would show that the parties did not intend a condition subsequent, as contended for, for it is clearly the law of Ohio that such words showing a forfeiture should be placed in the instrument in order to work a defeasance.

It is true that courts are inclined to construe a condition sub-sequent in preference to a condition precedent, but at the same time conditions subsequent are not favored in law (3 C. D., 175).

Further, it is claimed by the plaintiff that since the duty imposed on the grantee did not result in any benefit to him, therefore, in law, a covenant running with the land could not be created. This doctrine was clearly enunciated by Judge Gholson in *Masury* v. *Southworth,* 9 O. S., 347, *supra,* by the use of the following language:

"A covenant to run with the land, must have for its subject matter something which sustains the estate and the enjoyment of it, and is, therefore, beneficial both to lessor and lessee."

The later utterances of the Supreme Court of this state have, however, clearly overruled that doctrine. I cite the case of *Huston* v. *Cincinnati & Zanesville Railway Co.,* 21 O. S., 234, reading from page 248, wherein Welch, J., says:

"Does the contract run with the land? Undoubtedly it does. It was an agreement to erect structures upon the land appropriated, and to keep them up so long as that was enjoyed. It was in the nature of a charge upon that land, subjecting it to a servitude in favor of the estate from which it was to be taken. It went to lessen the value of the one and enhance the value of the other."

Again, in *Railway* v. *Bosworth,* 46 O. S., 81, reading from page 86:

"Many cases are to be found where affirmative covenants have been held to run with the land, on the ownership of which the burden of performing them is imposed." (Citing *Huston* v. *Railway Co., supra.*)

This subject is fully treated in the case of *Burbank* v. *Pillsbury,* 48 N. H., 475 (97 Am. Dec., 633).

Again I quote from 11 Cyc., 1087, citing generally the law of other states as well as cases referred to from Ohio:

"It has been thought that in no case will a covenant imposing a burden pass with the land so as to bind a subsequent owner, but

the overwhelming weight of authority is to the effect that where there is the requisite privity of estate, and the covenant is connected with or concerns the land or estate conveyed, it will run with the land as readily as one conferring a benefit.''

I take it that the law of this state now is in full accord with the doctrine last cited. Neither is the objection that this agreement falls within the rule or rules of Spencer's case of avail. Our Supreme Court in *Huston* v. *Railway Co., supra,* held that an agreement to erect structures upon land was a covenant running with the land, and the court evidently paid no attention to that old common law fiction.

But if we are to be governed by the rule or rules in the Spencer case it can be said that the evidence shows that at the time the deed was made there was a means of access to the second story of the building, although the original stairway is not now in existence.

Something has been said in argument that the instrument was drawn by eminent counsel, but it would be a dangerous rule to announce that in the construction of a written instrument resort could be had to the ability of the parties who it is claimed drew the instrument. Many lawyers of ability have made grievous mistakes in the drawing of instruments, and whether or not the words employed in the deed in question were the exact words of the lawyers whose names appear upon the deed is not in evidence. It has been found that the only rules by which an instrument is to be construed are first as to the intention, and in case of ambiguity, aided by the surrounding circumstances.

I am much impressed by the language used in the case of *Teachout* v. *Duffus,* 119 N. W., 983, where the court had under consideration a driveway established on a boundary between adjoining lots and in which the court say:

''That the driveway in question was an apparent and visible easement belonging to the property conveyed to the plaintiff's grantor, does not admit of doubt, and if it is reasonably necessary for the use of his property he is entitled to its continuance. If the driveway were to be now closed, the plaintiff would be compelled to make substantial changes in his house and grounds, all of which would be a serious damage to his property. We

reach the conclusion, therefore, that the driveway is reasonably necessary for the fair enjoyment of the plaintiff's property and that he had the right to continue its use.''

While the facts in the case last quoted are not the facts in this case, still the original grantee knew that the stairway to the second story of the building of the grantor was upon his land, and any subsequent purchasers of the property, if they had investigated the location of the premises, which they probably did, could have ascertained that the means of access to the second story was upon the lands which they were purchasing. For aught that appears, when the original deed was made the fact of the servitude of the north parcel might have been taken into account in the consideration paid. Here was a stairway which was visibly apparent to anyone who might be investigating the situation.

I have carefully examined the cases cited by counsel and I find that the parties intended a covenant running with the land, that the subject-matter is such as can be constituted such covenant, and that the law does not prevent the putting into effect the obligations intended by the parties to the original deed.

The petition must, therefore, be dismissed at the plaintiff's costs, and the appeal bond will be fixed at $100.