**In re the MARRIAGE OF Linda K. HOBART and Clifford J. Hobart**

**Upon the Petition of Linda K. Hobart, Petitioner-Appellee/Cross-Appellant,**

and

**Clifford J. Hobart, Respondent-Appellant/Cross-Appellee.**

**No. 84–1442.**

Court of Appeals of Iowa.

Aug. 29, 1985.

Harold C. Lounsberry, Davenport, respondent-appellant/cross-appellee.

Linda Frischmeyer and Samuel McHard of Katz, McAndrews, Durkee, Balch & Lefstein, Rock Island, Ill., for petitioner-appellee/cross-appellant.

Considered by OXBERGER, C.J., and SNELL, and HAYDEN, JJ.

HAYDEN, Judge.

The husband in this appeal challenges his alimony and child support obligations and the division of property and debts. He also contends the trial court erred by waiving conciliation. The wife, in her cross-appeal, requests that her child support and alimony awards be increased. She also asks that Clifford be directed to execute either a wage assignment, or an assignment of the life insurance policy and workers' compensation claim, to secure his child support and alimony obligations.

The parties were married in 1972. They are the parents of two children, boys born in 1981 and 1982. The children were placed in Linda's custody, and the custody award is not challenged in this appeal.

Linda was 35 years old at trial time. She has a history of medical problems and ma-

jor surgeries. She has had two gastric bypass operations since 1980, and both of the children were born by Caesarean section. Shortly before trial she was hospitalized for nearly a month for "two large ruptures and a blocked bowel." At trial time she was in need of ulcer surgery, but her doctors believed her too weak to withstand the surgery. At trial time she was on unpaid leave from her secretarial job, as she had used all of her sick leave. She had no source of income except the benevolence of her parents.

Clifford was 41 years old at trial time. He was employed at a J.I. Case Company factory, with a net income of about $492 per week.

The dissolution decree ordered Clifford to pay Linda child support of $50 per week per child and alimony of $25 per week. The alimony award is to last until Linda remarries or dies or until the parties' younger child reaches majority, whichever occurs first.

The parties had little property. The dissolution decree awarded Linda a heavily encumbered duplex with a net value of $18,000. She was also awarded a pension fund valued at $2,800, furniture and appliances worth $3,000, an old car, and half of a $1,600 income tax refund. Clifford was awarded a tract of Canadian real estate valued at $5,000, boats and sporting equipment valued at $6,000, a worker's compensation claim valued at $15,000, life insurance with a cash value of $1,400, an old car, and the other half of the tax refund. Clifford was directed to assume unsecured debts of over $16,000 and Linda was directed to assume unsecured debts of about $6,600. Clifford was directed to contribute $2,500 toward Linda's trial attorney's fees.

Our scope of review is de novo. Iowa R.App.P. 4. We give weight to the findings of the trial court, but are not bound by them. Iowa R.App.P. 14(f)(7).

I. We determine that the trial court did not abuse its discretion when that court found the respondent to be in default and waived conciliation pursuant to section 598.19. The default was taken 40 days after service of the petition on respondent. Respondent's answer was filed 87 days after he was served with the petition. His answer was his first pleading filed. He filed a motion to set aside the default 91 days after service. The trial court set aside the default but let the waiver of conciliation stand and refused respondent's request for conciliation.

Pursuant to Iowa Code section 598.16, if the petitioner in the original petition or the respondent "in the responsive pleading thereto" applies for conciliation the Court shall require the parties to participate in conciliation. A second provision is made whereby the Court has discretion to require conciliation upon the application of a party made at any other time. The legislature has added to section 598.19 the following:

> The court may enter an order finding the respondent in default and waiving conciliation when the respondent has failed to file an appearance within the time set forth in the original notice.

The legislature has contemplated not only the finding of a default but also the waiver of conciliation if a respondent failed to appear.

The instant case presents such a circumstance. The respondent was required to appear on or before November 17, 1983, twenty (20) days after the service of the petition upon him. He did not do so. Forty (40) days following the service of the petition upon the respondent, an order was entered finding the respondent in default and waiving conciliation pursuant to section 598.19.

Only after the statutory ninety (90) day waiting period had passed, on January 27, 1984, was a motion to set aside the default filed. In this motion, the respondent requested conciliation, as well as in an answer filed previously thereto, but eighty-seven (87) days following the service of the petition and forty-seven (47) days following the default order. This answer was without effect, however, until the default was set aside.

The issue presented, therefore, is whether a respondent who failed to appear

timely and against whom an order of default and of conciliation has been entered is entitled to an order requiring conciliation upon request. Under the 1976 amendment to section 598.19 set forth above and under Rule of Civil Procedure 236, we hold a defaulted respondent is not entitled to conciliation as a matter of right.

Rule of Civil Procedure 236 governs motions to set aside default judgments. It provides, in part:

> On motion and for good cause shown, and *upon such terms as the court prescribes* ... the court may set aside a default or. the judgment thereon, ....
> (Emphasis added.)

It is clear from the language of the rule itself, however, that the Court has discretion to impose reasonable terms on the setting aside of a default as justified by the facts of the case. We affirm the trial court on this issue.

II. We modify the decree in that the child support shall terminate as each child respectively attains majority, marries, or becomes self supporting but shall continue until such child has completed his high school education.

Otherwise, we affirm the trial court in the distribution of property, allocation of debts, and awards of child support, alimony, and attorney fees.

AFFIRMED AS MODIFIED.