**M. Harold EZZONE, Appellant,**

v.

**Willis M. HANSEN; Dennis B. Hansen; Precision of New Hampton, Inc.; State Bank of Lawler; and Michael K. Kennedy, Appellees,**

**and**

**Ronald Riccardi a/k/a "Rick" Riccardi, Defendant.**

No. 89–1834.

Supreme Court of Iowa.

Sept. 18, 1991.

As Amended on Denial of Rehearing Oct. 11, 1991.

Mark S. Soldat, Algona, and Mary Jane White, Decorah, for appellant.

Andrew F. Van Der Maaten, Anderson, Wilmarth & Van Der Maaten, Decorah, for appellees Willis M. Hansen, Dennis B. Hansen, Precision of New Hampton, Inc., and State Bank of Lawler.

Gregory M. Lederer and James M. Peters, Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellee Michael K. Kennedy.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Plaintiff, M. Harold Ezzone, challenges the district court's determination that his testimony in other judicial proceedings, inconsistent with his position in the present litigation, bars his right to recovery. The issue was decided on a motion for summary judgment. The question presented on this appeal is whether the doctrine of "judicial estoppel" applies in the present case to bar his claim. The court of appeals determined that it did not. Upon reviewing the arguments of the parties, we agree with the decision of that court.

■ This case is an attempt by plaintiff, Harold Ezzone, to recover against the defendants for conversion of property, *i.e.*, a business known as Precision Torque Converters. It presents theories of fraud, breach of confidential or fiduciary relationship, interference with contract or business expectancy, and conspiracy to do same. All plaintiff's claims are premised on his sole ownership of Precision Torque.

Not long before filing the instant petition, plaintiff had testified in his Florida dissolution of marriage trial that he had no ownership interest in Precision Torque. Later he also asserted a lack of ownership interest in that business in an application to gain welfare benefits and in a debtor's examination by a creditor. In his deposition testimony in the present case, plaintiff concedes that he committed perjury in these other proceedings.

Defendants moved for summary judgment, asserting the doctrine of judicial estoppel or estoppel by inconsistent position. The district court granted that motion. Plaintiff appealed. Defendants then applied for taxation of costs for expert witness fees and costs of microfiche reproduction and photocopies. Plaintiff filed a "special appearance" challenging the district court's jurisdiction to tax costs while his appeal was pending. Notwithstanding this challenge, the district court taxed the costs in that court against plaintiff. Plaintiff has also appealed from that order.

The two appeals were consolidated and transferred to the court of appeals. That court, in a five-to-one decision, reversed the summary judgment ruling on the ground that the doctrine of judicial estoppel had not explicitly been adopted in Iowa and was otherwise inapplicable to this case. The court of appeals ruled that the costs of the district court proceeding would abide the result of the litigation, but it taxed plaintiff with the cost of an unnecessarily inclusive appendix on the appeal.

In rejecting the doctrine of judicial estoppel as a basis for summary judgment in the present case, the court of appeals relied extensively on the decision in *Konstantinidis v. Chen*, 626 F.2d 933 (D.C.Cir.1980). That case contains an exhaustive review of the doctrine and notes that, as generally described, it departs from ordinary principles of collateral estoppel and issue preclusion. It suggests that the principal point of departure is that the judicial estoppel doctrine "does not require proof of privity, reliance or prejudice." *Id.* at 937. In reviewing the relative advantages and disadvantages of such a doctrine, the *Konstantinidis* court opted to reject it, noting that it had also been rejected in the Tenth Circuit decision of *Parkinson v. California Co.*, 233 F.2d 432, 437–38 (10th Cir.1956).

In *Jackson Jordan, Inc. v. Plasser American Corp.*, 747 F.2d 1567, 1578–80 (Fed.Cir.1984), the Court of Appeals for the Federal Circuit opined that, although statements describing the judicial estoppel doctrine pay lip service to its application in the absence of privity between the party seeking to invoke it and the former litigation, some form of privity has in fact existed in most cases in which the doctrine has been successfully invoked. *Id.* at 1579.

Our discussion of the judicial estoppel doctrine in *Vennerberg Farms, Inc. v. IGF Insurance Co.*, 405 N.W.2d 810, 814 (Iowa 1987), listed the principal elements ascribed to the doctrine but did not consider whether its scope is limited to situations in which there is some identity of parties or prejudice to the party invoking the doctrine. In an earlier decision of this court, *Snouffer & Ford v. City of Tipton*, 150 Iowa 73, 129 N.W. 345 (1911), we identified the principle as one in which "[a] party who has, with knowledge of the facts, assumed a particular position in judicial proceedings is estopped to assume a position inconsistent therewith *to the prejudice of the adverse party.*" *Id.* at 84–85, 129 N.W. at 350 (emphasis added).

In refusing to apply the doctrine of judicial estoppel to bar plaintiff's recovery, the court of appeals majority did not indicate that privity with or prejudice to the party invoking the doctrine must always be shown. It strongly suggests, however, that this should ordinarily be required. Without totally rejecting any possibility of applying the doctrine in the absence of privity or prejudice, we agree with the court of appeals.

It is a function of adversary litigation to ferret out the truth of conflicting positions. Although harsh consequences should attend the giving of false testimony, we see no need to include among such consequences an arbitrary forfeiture of property to the benefit of third persons who were in no way prejudiced by the falsehoods. Moreover, to apply the doctrine in the present case could work to the disadvantage of innocent third parties who might have been prejudiced if the testimony in the prior proceedings was in fact false. These parties may now be in a position to lay claim to assets that plaintiff has concealed should his contentions in the present litigation prove to be correct.

We have considered the arguments presented and conclude that the court of

appeals decision reversing the summary judgment should be affirmed. In so doing, however, we do not disturb the district court's rulings on discovery deadlines and scope of discovery, which defendants have challenged by cross-appeal.

We also affirm the court of appeals' determination that the taxation of costs in the district court must abide the result of the litigation. With respect to taxing the costs on appeal, the court of appeals taxed the entire cost of the 1412-page appendix to appellant. This action was based on that court's determination that the appendix included matters unnecessary to deciding the appeal.

While we agree that some unnecessary matters were included in the appendix, certainly not all of the items contained in that document were unnecessary for consideration of the issues presented. Four hundred ninety-four pages appear to contain matters required to be included under Iowa Rule of Appellate Procedure 15(a) or which were designated by the appellees.

Of the remaining 918 pages, arguably at least 184 pages include matters relevant to the legal issues presented. The remaining 734 pages consist largely of deposition testimony and exhibits bearing on the merits of the underlying litigation but which were not necessary for purposes of presenting the issues on appeal. These 734 pages are deemed to have been unnecessarily included. The cost of printing these pages shall be taxed against the appellant. The other costs of appeal shall be taxed against the appellees.

DECISION OF THE COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.