Josiah C. WILSON, Appellant,

v.

**LIBERTY MUTUAL GROUP, Appellee.**

No. 02–0464.

Supreme Court of Iowa.

July 16, 2003.

Steven L. Udelhofen, Ankeny, and Blaine B. Hudnall, Des Moines, for appellant.

Patrick J. McNulty and Michael A. Carmoney of Grefe & Sidney, P.L.C., Des Moines, for appellee.

NEUMAN, Justice.

The main issue on this appeal is whether a workers' compensation claimant who settles his claim with the insurance carrier under Iowa Code section 85.35 (2001) can later prevail in an action against the carrier for bad-faith handling of the claim. The district court ruled that because the settlement required claimant to admit a bona fide dispute over the cause of his physical injury, he was estopped from asserting a contrary position in his claim for bad faith. The court also rejected claimant's alternative claim of entitlement to judgment by default. Finding no error in either ruling, we affirm.

## I. Background.

This suit for bad faith stems from a workers' compensation claim filed by Josiah Wilson (Wilson) against his employer, Hyman Freightways, and its insurer, Liberty Mutual Group (Liberty Mutual). Liberty Mutual paid Wilson some of the benefits he requested, but other benefit claims were denied or ignored. Wilson retained counsel to recover the benefits to which he felt entitled and, eventually, Wilson and Liberty Mutual filed a joint application for settlement under Iowa Code section 85.35. A deputy workers' compensation commissioner approved the settlement agreement, finding that a bona fide dispute existed as to whether Wilson's physical condition was related to his work injuries.

Wilson then filed this lawsuit alleging Liberty Mutual's bad faith in the handling of his workers' compensation claim. Liberty Mutual, though served, failed to answer the petition. Wilson filed an application for default after giving Liberty Mutual notice of intent to do so. The matter was then set for hearing. Two days before the hearing, Liberty Mutual answered the petition and filed a resistance to the application for default. Liberty Mutual argued that the application for default was moot and, moreover, Wilson had failed to follow the prescribed rule. Iowa Rule of Civil Procedure 1.972(3)(b) requires written notice to the attorney for the alleged defaulting party when the party seeking default knows of the representation. The court agreed with Liberty Mutual's argument and denied Wilson's application for default.

Wilson then served Liberty Mutual with interrogatories and a request for production. Instead of responding to the discovery requests, Liberty Mutual moved for summary judgment. The district court granted the motion, ruling that the workers' compensation settlement constituted a judicial admission that a bona fide dispute existed as to whether Wilson's injuries were work related. Therefore, the district court concluded, Wilson was estopped from claiming that Liberty Mutual did not have a reasonable basis for withholding payments—an essential element of a bad faith claim.

This appeal by Wilson followed.

## II. Scope of Review.

A decision to grant or deny a motion for default judgment rests in the sound discretion of the trial court. *See Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999). Reversal on appeal is warranted only when the court's discretion has been abused. *Id.*

We review motions for summary judgment for errors at law. *Kelly v. Iowa Mut. Ins. Co.*, 620 N.W.2d 637, 641 (Iowa 2000). A case is properly decided by way of summary judgment if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Id.*

## III. Issues on Appeal.

*A. Default judgment.* Wilson contends the district court erred when it refused to enter a default judgment against Liberty Mutual. The district court denied Wilson's application based on his failure to send Liberty Mutual's attorney a notice of intent to take a default. *See* Iowa R. Civ. P. 1.972(3)(b). The court's ruling also rested on the fact that Liberty Mutual filed an answer by the time of the hearing.

Fundamental principles guide our review of the court's ruling. This court is "more reluctant to interfere with a court's grant of a motion to set aside a default and a default judgment than with its denial." *Brandenburg*, 603 N.W.2d at

584. All doubts are resolved in favor of setting aside the default. *Id.* Put another way, if Wilson were seeking to uphold a default judgment, he would have to prove that the *"defaulting party willfully ignored or defied* the rules of procedure." *See id.* at 585.

There is scant evidence here that Liberty Mutual willfully defied the rules of procedure, and other important facts support denial of the default. The fact that Liberty Mutual's attorney (with whom Wilson had negotiated the settlement) was not served with notice of the intent to take default weighs heavily in favor of denying the application for default judgment. Additionally, Liberty Mutual responded shortly after the application was set for hearing and has advanced a good faith defense to the merits of the case. *See Brandenburg,* 603 N.W.2d at 585.

Because trial on the merits is traditionally favored over a default judgment, *see First Nat'l Bank v. Claiser,* 308 N.W.2d 1, 3 (Iowa 1981), and sound reasons existed for the court's discretionary decision to deny entry of judgment by default here, we affirm the challenged ruling.

█ *B. Summary judgment.* The district court determined that Wilson was precluded, under the doctrine of judicial estoppel, from proving an essential element of his bad-faith claim. A first-party bad-faith claim has two elements—proof that no reasonable basis exists for denying benefits under the insurance policy and proof of the insurance company's knowing or reckless disregard of that fact. *Gibson v. ITT Hartford Ins. Co.,* 621 N.W.2d 388, 396 (Iowa 2001). In the workers' compensation context, a reasonable basis for denying a claim exists if the claim is "fairly debatable." *Id.* Here, the district court found that when Wilson signed the settlement agreement, he made a judicial admission that Liberty Mutual had a reasonable basis to deny his claim. That admission, the court ruled, prevents Wilson from now asserting a contrary position in this action against the same party.

█ The court's ruling rested on the doctrine of judicial estoppel. The doctrine "prohibits a party who has successfully and unequivocally asserted a position in one proceeding from asserting an inconsistent position in a subsequent proceeding." *Vennerberg Farms, Inc. v. IGF Ins. Co.,* 405 N.W.2d 810, 814 (Iowa 1987). It is a "common sense" rule, designed to protect the integrity of the judicial process by preventing deliberately inconsistent—and potentially misleading—assertions from being successfully urged in succeeding tribunals. *Id.* The doctrine is properly limited in its application to cases involving privity with, or prejudice to, the party invoking the doctrine. *Ezzone v. Hansen,* 474 N.W.2d 548, 550 (Iowa 1991). Another fundamental feature of the doctrine is the requirement of proof that the inconsistent position has been successfully asserted in the prior tribunal. *State v. Jacobs,* 607 N.W.2d 679, 687 (Iowa 2000). Without such proof, "application of the rule is unwarranted because no risk of inconsistent, misleading results exists." *Vennerberg,* 405 N.W.2d at 814.

▪ █ We think that the district court properly applied the doctrine here. Before the workers' compensation commissioner can approve a settlement under Iowa Code section 85.35, the parties must agree on the existence of a "bona fide dispute" over one of several statutory alternatives. *Gardner v. Hartford Ins. Accident & Indem. Co.,* 659 N.W.2d 198, 206 (Iowa 2003). One of those alternative sources of dispute is whether the "claimed injury arose out of or in the course of the employment." Iowa Code § 85.35(1). Pertinent to the case before us, the parties

included the following language under the heading CONSTRUCTION AND INTENT in the settlement agreement submitted to the deputy commissioner:

> *It is agreed by the parties that a bona fide dispute exists as to the matters set out above,* that in order to avoid continued litigation that this matter should be settled, and that such settlement should be submitted in writing in this application to the Iowa Workers' Compensation Commissioner for approval.

(Emphasis added.) The "matters set out above" include a paragraph stating that the insurance company and employer believe that Wilson's medical problems are largely related to non-work injuries. Thus the deputy commissioner, reviewing the evidence, found there was "evidence of a bona fide dispute" in the case as to whether Wilson's physical condition arose out of his work-related injuries.

■ By signing the settlement agreement, Wilson asserted a bona fide dispute existed regarding the work-related nature of his injuries. A bona fide dispute is the equivalent of having a reasonable basis for denying the claim. *See Gardner,* 659 N.W.2d at 206–07. Wilson was successful in this assertion. The deputy commissioner found there was a bona fide dispute and approved the settlement. Under the settlement, Liberty Mutual paid Wilson $46,000. We can assume that was the outcome Wilson wanted and expected when he negotiated the settlement with Liberty Mutual and tendered their agreement to the deputy commissioner for approval.

Plainly Wilson's position in this bad faith action is inconsistent with the position he asserted in the workers' compensation litigation. To prevail on his bad faith claim, Wilson would necessarily have to prove that Liberty Mutual had no reasonable basis to deny his claim. *Gibson,* 621

N.W.2d at 396. Yet in the section 85.35 proceedings before the workers' compensation commissioner, Wilson successfully asserted there was a bona fide dispute as to whether his injuries were work-related so as to entitle him to additional benefits. These positions are clearly inconsistent.

Because Wilson successfully asserted in proceedings before the workers' compensation commissioner a bona fide dispute over benefits, he is now estopped from asserting that the insurer, Liberty Mutual, had no reasonable basis to deny him benefits. As he cannot prove an essential element of his bad faith claim as a matter of law, the district court properly rendered summary judgment in Liberty Mutual's favor.

■ *C. Discovery motion.* Wilson also appeals the district court's failure to compel Liberty Mutual to respond to his discovery requests. But, as Liberty Mutual rightly counters, Wilson did not preserve error on this issue.

■ "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised *and decided by the district court* before we will decide them on appeal." *Meier v. Senecaut,* 641 N.W.2d 532, 537 (Iowa 2002) (emphasis added). "When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Id.* The district court never ruled on Wilson's discovery issue, and he never filed a motion requesting the district court to do so. Accordingly there is nothing before us to review.

**AFFIRMED.**