# IN THE COURT OF APPEALS OF IOWA

No. 14-1270
Filed August 19, 2015


IN RE THE MARRIAGE OF JASON BLAINE PIERCE
AND CELICE LEEANN VANDERLINDEN

Upon the Petition of
JASON BLAINE PIERCE,
    Petitioner-Appellee,

And Concerning
CELICE LEEANN VANDERLINDEN,
    Respondent-Appellant.

_____


    Appeal from the Iowa District Court for Marion County, John D. Lloyd and

Gary G. Kimes, Judges.


    A wife appeals the district court decision denying her request to set aside

a default dissolution decree.  **AFFIRMED.**


    Andrew B. Howie of Hudson, Mallaney, Shindler & Anderson, P.C., West

Des Moines, for appellant.

    CeCelia C. Ibson of Ibson Law Firm, Des Moines, for appellee.


    Considered by Vogel, P.J., Potterfield, J., and Eisenhauer, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Celice Vanderlinden appeals the district court decision denying her request to set aside a default dissolution decree. We conclude the district court did not abuse its discretion in determining Celice had not shown good cause to set aside the decree. We conclude the district court properly entered the dissolution decree and waived conciliation before ninety days had elapsed due to the fact Celice was in default. We determine each party should pay his or her own appellate attorney fees.

### I. Background Facts & Proceedings.

Jason Pierce and Celice Vanderlinden were married in 2010. No children were born during the marriage. Jason filed a petition for dissolution of marriage on February 6, 2014. Celice was personally served with an original notice of the petition on February 23, 2014. She did not file a timely appearance or answer.

On April 16, 2014, Jason filed a notice of intent to file a written application for default. The notice stated it was served to Celice through the court's Electronic Document Management System (EDMS) and by United States mail.[1] Celice did not respond to the notice. On May 9, 2014, Jason filed an application for entry of a default dissolution decree. The court issued a dissolution decree the same day.

On May 22, 2014, Celice filed an answer to the petition for dissolution of marriage. She also filed a motion to set aside the default dissolution decree, claiming she never received the notice of intent to file a written application for

---

[1] In March 2014, after the petition was filed, the case was converted to an electronic case. Celice never registered to use EDMS.

default or the application for entry of default. Celice stated she had been unable to obtain counsel until May 20, 2014, due to her finances.

Jason filed a resistance, stating Celice did not act in a timely manner to file her answer, register for EDMS, submit her financial information, or respond to the notice of intent to file for default. He claimed she did not show good cause for setting aside the default dissolution decree. He also asserted the dissolution decree was equitable.

A hearing was held on the motion to set aside. Celice noted the ninety-day waiting period found in Iowa Code section 598.19 (2013) had not elapsed between the day she was served with notice of the petition, February 23, 2014, and the date of the dissolution decree, May 9, 2014. She noted she filed her answer before the ninety-day period had elapsed. The court denied the motion to set aside the default dissolution decree for the reasons found in Jason's resistance. Celice appeals.

**II. Standard of Review.**

A motion to set inside a default judgment is tried at law, not in equity. *In re Marriage of Cutler*, 588 N.W.2d 423, 429 (Iowa 1999). The district court has broad discretion in ruling on a motion to set aside a default, and we will reverse the court's ruling only if it abuses its discretion. *Central Nat'l Ins. Co. v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 753 (Iowa 1994). "All doubts are resolved in favor of setting aside the default." *Wilson v. Liberty Mut. Group*, 666 N.W.2d 163, 166 (Iowa 2003).

**III. Merits.**

**A.** Celice contends the district court should have granted her motion to set aside the default dissolution decree. She claims her failure to respond to the petition was the result of mistake or excusable neglect, rather than willful failure to comply with the rules of procedure.

Iowa Rule of Civil Procedure 1.977 provides:

> On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than 60 days after the entry of the judgment.

The party filing a motion to set aside a default judgment has the burden to prove good cause. *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999). Whether a party has established good cause is not a factual finding; instead, it is a legal conclusion, which is not binding on appeal. *Id.* "Good cause is a sound, effective, and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." *Central Nat'l Ins. Co.*, 513 N.W.2d at 754.

We consider the following factors: (1) whether the defaulting party actually intended to defend the case and acted promptly to overturn the default; (2) whether the defaulting party asserted a claim or defense in good faith; (3) whether the defaulting party willfully ignored or defied the rules of procedure; and (4) relief does not depend upon who made the mistake—the party, an attorney, or an insurer. *See Brandenburg*, 603 N.W.2d at 585.

For the first factor, the default dissolution decree was entered on May 9, 2014, and Celice filed her motion to set aside the decree on May 22, 2014. She acted fairly promptly, which is relevant to the issue of whether she actually intended to defend the case. *See id.* In considering the second factor, in her answer Celice does not dispute the dissolution itself, but does dispute the issue of property division. Celice was not represented by counsel at the time of the default, so the fourth factor is not applicable.

The main point of contention in this case is the third factor. A ruling denying a motion to set aside will be upheld if there is "substantial evidence that the *defaulting party willfully ignored or defied* the rules of procedure." *Id.* We consider whether the default is the result of "a deliberate intention to ignore, and resist any adherence to, the rules of procedure," rather than the result of neglect or careless conduct. *Id.* A motion to set aside a default judgment should not be granted "when the movant has ignored the rules of procedure with ample opportunity to abide by them." *Sheeder v. Boyette*, 764 N.W.2d 778, 780 (Iowa Ct. App. 2009). "[W]e have never upheld such a grant where the movant fails to show any effort to appear in response to a due and timely notice." *Id.*

There is no evidence Celice made any effort to appear in response to Jason's petition for dissolution of marriage until after the default dissolution decree was filed. Celice was personally served with notice of the petition for dissolution of marriage on February 23, 2014, and she does not challenge this fact. She took no further action at all until May 22, 2014, eighty-eight days later, when she filed a motion to set aside the default dissolution decree and an answer to the petition. She offered no explanation for her failure to appear, and

her motion instead focuses on the failure to receive the notice of intent to take default.  Under rule 1.303(1), she was required to file an answer to the petition within twenty days after she was served.  We conclude the district court did not abuse its discretion in determining Celice had not shown good cause to set aside the default dissolution decree.[2]

**B.**  Celice also claims the dissolution decree was improperly entered on May 9, 2014, because it was filed less than ninety days after she was served with notice of the petition on February 23, 2014.

Section 598.19 provides:

> No decree dissolving a marriage shall be granted in any proceeding before ninety days shall have elapsed from the day the original notice is served, . . .  The court may enter an order finding the respondent in default and waiving conciliation when the respondent has failed to file an appearance within the time set forth in the original notice.

In the case *In re Marriage of Hobart*, 375 N.W.2d 290, 291 (Iowa Ct. App. 1985), a default dissolution decree was issued forty days after service of the petition on the respondent.  We considered section 598.19 and determined, "The legislature has contemplated not only the finding of a default but also the waiver of conciliation if a respondent failed to appear."  *Hobart*, 375 N.W.2d at 291.

The purpose of the waiting period, like the provision for conciliation efforts, is to promote the preservation of marital relationships.  *See Rogers v. Webb*, 558

---

[2] Celice claimed she did not receive the notice of intent to seek default.  She submitted affidavits from three entities stating she had difficulty receiving mail at her residence. The district court did not specifically rule on the admissibility of the affidavits.  Celice did not file a posttrial motion, and thus, the issue has not been preserved for our review. *See Bank of Am., N.A. v. Schulte*, 843 N.W.2d 876, 883 (Iowa 2014) ("To preserve error on even a properly raised issue on which the district court failed to rule, 'the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.'" (citation omitted)).

N.W.2d 155, 157 (Iowa 1997). Celice makes no claim she wished to engage in reconciliation. We conclude the district court properly entered the dissolution decree and waived conciliation before ninety days had elapsed due to the fact Celice was in default. *See id.*; *see also Allen v. Lindeman*, 148 N.W.2d 610, 616 (Iowa 1967) (finding a default dissolution decree was presumptively valid although it had been entered prior to the expiration of the statutory waiting period).

## IV. Attorney Fees.

Jason seeks attorney fees for this appeal. Appellate attorney fees are not a matter of right, but rest in the court's discretion. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). We consider the needs of the party seeking the award of appellate attorney fees, the ability of the other party to pay, and the relative merits of the appeal. *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). Based upon the relative financial positions of the parties, we determine each party should pay his or her own appellate attorney fees.

We affirm the decision of the district court.

**AFFIRMED.**