# IN THE COURT OF APPEALS OF IOWA

No. 17-0513
Filed July 18, 2018

**U.S. BANK NATIONAL ASSOCIATION,**
    Plaintiff-Appellant,

**vs.**

**MICHAEL PARROTT, HEIRS OF DOLORES MARIE LISK, ERIC LISK, UNKNOWN HEIRS OF DOLORES MARIE LISK, CREDITORS OF DOLORES MARIE LISK, STATE OF IOWA, and PARTIES IN POSSESSION,**
    Defendants-Appellees.

_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

In an interlocutory appeal, plaintiff challenges the district court decision denying its motion for a default judgment in a foreclosure action. **REVERSED AND REMANDED.**

Donald J. Pavelka Jr. of Locher Pavelka Dostal Braddy & Hammes, L.L.C., Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Donald D. Stanley, Jr. and Laura A. Steffensmeier, Assistant Attorneys General, for appellee State.

Eric Lisk, Wilson, appellee pro se.

Michael Parrott, appellee pro se.

Considered by Vogel, P.J., Bower, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BOWER, Judge.**

In an interlocutory appeal, U.S. Bank National Association (U.S. Bank) challenges the district court decision denying its motion for a default judgment in a foreclosure action where the mortgagor is deceased. We find U.S. Bank adequately provided notice to those with an interest in the foreclosure proceedings. We conclude the district court abused its discretion in denying U.S. Bank's motion for a default judgment.

### I.      Background Facts & Proceedings

On April 24, 2015, Dolores Lisk obtained a loan of $58,500 from U.S. Bank. The loan was secured by a mortgage on real estate she owned in Davenport. Lisk died on January 28, 2016. An estate was not opened after her death. The loan went into default.

On September 22, 2016, U.S. Bank filed a petition seeking foreclosure of the mortgage without redemption, under Iowa Code section 654.20 (2016), and waived its right to a deficiency judgment. The petition named as defendants Lisk's sons Michael Parrott and Eric Lisk, unknown heirs of Lisk, creditors of Lisk, and "all persons known and unknown claiming any right, title, or interest and all of their heirs, spouses, assigns, grantees, legatees, devisees, and all beneficiaries of each and all the above-named defendants."[1] U.S. Bank mailed notice to Lisk's two sons. The district court entered an order permitting service by publication for the unknown defendants. U.S. Bank placed an official notice of the foreclosure action

---

[1] The notice additionally named the Internal Revenue Service (IRS). The IRS consented to the foreclosure and asked to be dismissed from the case. The district court granted the request for dismissal. The Iowa Department of Revenue and the State of Iowa also consented to the foreclosure.

in the Quad-City Times on three occasions. The property which was the subject of the foreclosure was vacant.

On November 1, U.S. Bank gave notice of its intent to file a written application for default. No defendants responded to the foreclosure petition or the notice of intent to seek a default judgment. U.S. Bank filed an application for default judgment on January 4, 2017. The district court denied the motion, finding an estate should be opened to determine the real parties in interest concerning the property in question. The court also stated, "Plaintiff has provided no authority to support its methods."

U.S. Bank filed a motion to reconsider, stating it relied upon Iowa Title Standard 7.8. It noted Lisk's obituary stated she was survived by two sons and other relatives, and the sons had been given notice of the foreclosure proceedings. Additionally, the bank pointed out it was seeking an in rem judgment against the real estate. The district court denied the motion to reconsider. The court stated, "In order to quiet title and grant Plaintiff's motion, the Court would need to make findings that the defendants are the real parties in interest." Also, "This Court cannot make a finding that it has jurisdiction over persons with an interest because this court does not know the identity of the persons with an interest in the estate of a deceased borrower because no estate has been opened in probate to identify said persons." The court concluded, "Opening a creditor's estate would solve these problems."

U.S. Bank filed an application for an interlocutory appeal.[2] The Iowa Supreme Court granted the application. The case was subsequently transferred to the Iowa Court of Appeals.

## II. Standard of Review

This action was brought in equity, and our review is therefore de novo. *See* Iowa R. App. P. 6.907. "A decision to grant or deny a motion for default judgment rests in the sound discretion of the trial court." *Jack v. P & A Farms, Ltd.*, 822 N.W.2d 511, 515 (Iowa 2012) (quoting *Wilson v. Liberty Mut. Grp.,* 666 N.W.2d 163, 165 (Iowa 2003)). We will reverse the district court's decision on a motion for default judgment only when the court has abused its discretion. *Id.*

## III. Default Judgment

U.S. Bank claims the district court abused its discretion by denying their motion for default judgment. They state it should not be necessary to open an estate for the property interests of unknown heirs because the foreclosure action is in rem, so its action is against the property, not individual defendants. U.S. Bank states it served notice to the known interested parties by mail and unknown interested parties by publication, which it states is the same as it would be required to do for a probate estate. It claims opening an estate would not provide greater protection for any unknown heirs.

A foreclosure action is final and cannot be collaterally attacked unless the court lacked jurisdiction. *See Kriv v. Nw. Sec. Co.*, 24 N.W.2d 751, 755 (Iowa 1946 ("The order may be attacked collaterally only if it was entered without jurisdiction.").

---

[2] No appellees are participating in the appeal. The Iowa Supreme Court determined the listed appellees are still parties to the appeal.

A foreclosure proceeding will cut off the rights of all persons made a party to the foreclosure proceedings. *See Teachout v. Duffus*, 119 N.W. 983, 983 (Iowa 1909) (noting the rights of entities not made a party to the foreclosure proceedings were not cut off).

At the time of the district court's order, U.S. Bank knew of no estate having been opened for Lisk in Iowa or any other state. Accordingly, U.S. Bank made Lisk's known and unknown heirs parties to the foreclosure petition, and it provided notice to them as directed in the rules of civil procedure. *See* Iowa Rs. Civ. P. 1.311 (allowing notice by ordinary mail to known defendants), 1.312 (allowing notice against unknown parties to "be directed to the unknown claimants of the property involved"). U.S. Bank also published notice of foreclosure for persons "whose identity is not reasonably ascertainable," as required in section 654.4A(5). By doing so, the foreclosure proceeding should be able to extinguish the claims of all known and unknown heirs, and the purchaser in the sheriff's sale will be able to obtain a clear title. *See* Iowa Code § 654.5(1)(c).

In discussing the Iowa Land Title Standards, our supreme court has instructed us "to give serious consideration to these standards." *Tesdell v. Hanes*, 82 N.W.2d 119, 124 (Iowa 1957). On the question, "What showing is needed where a mortgage granted by a now deceased borrower is foreclosed on *in rem*," Standard 7.8(1) states:

> If a foreclosure court had *in rem* jurisdiction of the persons with an interest in the estate of a deceased borrower, and entered a decree of foreclosure, there is generally no need to open an estate for the deceased borrower. Under the doctrine of res judicata, a title problem can only arise in such a case if a person in interest objects to the procedure in the foreclosure case and the court upholds the objection.

Also, under Standard 7.8(4), if there is no estate, "the foreclosure should name as defendants all known persons who are reasonably believed to have a right to inherit the property, and also all unknown persons with an interest in the estate." U.S. Bank followed this standard by naming all known and unknown persons reasonably believed to have an interest in the property. Even if U.S. Bank were forced to open an estate, the administrator would notify the known and unknown heirs of the decedent in the same manner, giving no greater notice than U.S. Bank has already provided. *See* Iowa Code § 633.230(1) (requiring notice of an intestate estate by mail to known interested parties and notice by publication to unknown interested parties).

We find the district court abused its discretion in denying U.S. Bank's motion for a default judgment. U.S. Bank adequately provided notice to those with an interest in the foreclosure proceedings. We reverse the district court's decision and remand for further proceedings.

**REVERSED AND REMANDED.**