# IN THE COURT OF APPEALS OF IOWA

No. 20-1634
Filed November 3, 2021

**IN THE MATTER OF K.D.,**
**Alleged to be Seriously Mentally Impaired,**

**K.D.,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Lars Anderson, Judge.

K.D. appeals the district court's finding that his appeal of an order transferring him to inpatient treatment was moot. **AFFIRMED.**

Charles D. Paul of Nidey Erdahl Meier & Araguas, PLC, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Gretchen Kraemer, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**VAITHESWARAN, Judge.**

In 2019, K.D. was civilly committed pursuant to Iowa Code chapter 229 (2020), the statute governing hospitalization of persons with mental illness. K.D. cycled between inpatient and outpatient care. In September 2020, a physician recommended K.D.'s transfer from outpatient care to "an inpatient mental health civil commitment." A magistrate adopted the recommendation and ordered "full-time [inpatient] care, custody, and treatment." K.D. filed a notice of appeal to the district court.

Prior to hearing on the notice of appeal, the physician provided a new recommendation to have K.D. returned to outpatient treatment. A magistrate accepted the recommendation and ordered outpatient treatment.

At the scheduled hearing on the appeal of the September 2020 inpatient care order, the district court made reference to the later outpatient order and stated, "[I]t appears to me that the whole appeal may be moot." The State agreed. K.D.'s attorney also agreed the appeal was moot. The district court advised K.D. the court would "go ahead and dismiss the appeal because, again, what [he] appealed, which was the return to full-time hospitalization, [was] no longer in effect at this point." The court told K.D., "You've been returned to outpatient treatment . . . which is where you were before that order was entered." A written order stated, "[A]n order was entered returning [K.D.] to out-patient treatment. Counsel agree that renders the pending appeal moot. Accordingly, the appeal is dismissed as moot." K.D. appealed.

K.D. argues "the district court erred in finding [his] appeal under Iowa Code [chapter] 229 moot after [he] was transferred back to an outpatient level of care"

because individuals "found seriously mentally impaired under [chapter] 229 presumptively face collateral consequences." *See In re B.B.*, 826 N.W.2d 425, 429–31 (Iowa 2013) (adopting "collateral consequences" exception to the mootness doctrine for individuals adjudicated seriously mentally impaired and involuntarily committed and later discharged from court-ordered treatment and placement). The State concedes that "[h]ad [K.D.] sought a hearing to challenge the determination that he was seriously mentally impaired and challenging court ordered medication, . . . the matter would not be moot." The State urges us to find error was not preserved because K.D.'s trial attorney "agreed the matter was moot" and "agreed there was no need for the hearing" and "[c]ounsel on appeal has not argued ineffective assistance of counsel."[1]

We believe the issue is less one of error preservation than of judicial estoppel. "[J]udicial estoppel prevents a party from changing its position after it has successfully urged a different position to obtain a certain litigation outcome." *Godfrey v. State*, 962 N.W.2d 84, 100 (Iowa 2021). The principle has been applied to bar a litigant from making a contradictory argument on appeal in the same case. *Id.* The doctrine may be raised on the court's own motion. *Id.*

K.D.'s present argument is "inconsistent" with his position in the district court. *See Winnebago Indus., Inc. v. Haverly*, 727 N.W.2d 567, 573 (Iowa 2006) (quoting *Wilson v. Liberty Mut. Grp.*, 666 N.W.2d 163, 166 (Iowa 2003)). The district court adopted that position after canvasing both sides. *See Kinseth v. Weil-McLain*, 913 N.W.2d 55, 74 (Iowa 2018) ("Without judicial acceptance of the

---

[1] K.D. did raise "ineffective assistance" in his handwritten notice of appeal to the district court.

inconsistent position, judicial estoppel is inapplicable."). K.D. is judicially estopped from asserting a contrary position on appeal.

Our opinion could end here, but we feel compelled to address K.D.'s real concern, articulated in his pro se notice of appeal to the supreme court. He asserted, "I am still court ordered to medicate therefore there is a reasonable need to have my hearing" and "if the judge took away the court order forcing me to take my medication as part of his ruling then yes it would be moot—however the judge said there is still a committal order. Therefore the case at hand is not moot."[2]

We believe K.D.'s disagreement with his medication regimen implicates the definition of "serious mental impairment." *See* Iowa Code § 229.1(20) (defining the phrase in part as "the condition of a person with mental illness and because of that illness lacks sufficient judgment to make responsible decisions with respect to the person's hospitalization *or treatment*." (emphasis added)). The September 2020 order from which K.D. appealed—styled "Order confirming respondent's return to full-time treatment"—made no explicit finding of a serious mental impairment. The court simply determined "there ha[d] been a failure of the out-patient treatment plan such that full-time hospitalization was necessary." In his notice of appeal to the district court, K.D. raised a variety of issues, none of which

---

[2] Shortly after K.D.'s 2019 commitment, a magistrate confirmed an order of outpatient treatment and stated "IT IS FURTHER ORDERED that due to the change in state law that went into effect July 1, 2018, forced injections on an outpatient basis are NOT allowed." A physician later reported K.D. "stopped taking medications after an order from the court on his outpatient commitment said that medications could not be forced, thus allowing him to refuse as he knew there is not an order to treat allowing injection of appropriate medications if oral medications are refused." K.D.'s notice of appeal to the supreme court does not expound upon the medication regimen he is currently under.

implicated the statutory definition of serious mental impairment or judgmental capacity to control his own treatment.[3]  K.D. did not mention or challenge the original 2019 civil commitment order.[4]  The district court said as much at the appeal hearing.  When K.D. asked the court, "Does that mean I don't have to take my meds?  Cause they're still telling me I have to take them."  The court told him that was "a separate issue."  The court indicated "[w]hat he appealed was [his] return to full-time hospitalization" rather than the underlying committal order.

In sum, the issue of K.D.'s medication regimen and his capacity to make responsible decisions about his treatment was not before the district court.  No evidence was taken on the question and no decision was made.  It follows that the issue is not before us.

We affirm the district court's one and only conclusion that K.D.'s appeal of the September 2020 inpatient order was moot.

**AFFIRMED.**

---

[3] His notice of appeal mentioned "Slander . . . Belittling [him] . . . Perjury by State witnesses . . . [and] Ineffective Assistance of Counsel."

[4] Iowa Code chapter 229 affords a respondent an avenue for relief from a civil commitment.  *See* Iowa Code § 229.37 (affording persons confined as seriously mentally impaired the benefit of a writ of habeas corpus and stating "the question of serious mental impairment shall be decided at the hearing").  Where a respondent requested "review of the commitment" in addition to review of a placement decision, this court treated his appeal as a petition for writ of habeas corpus.  *See In re B.T.G.*, 784 N.W.2d 792, 796 (Iowa Ct. App. 2010); *see also In re R.M.D.*, No. 15-1434, 2016 WL 5930635, at *3 (Iowa Ct. App. Oct. 12, 2016) (noting respondent's "request for habeas corpus relief raised a challenge to the civil commitment orders"); *cf. In re L.H.*, 890 N.W.2d 333, 340 (Iowa Ct. App. 2016) ("To demonstrate lack of judgmental capacity in a review of a continuing commitment, the State must prove 'the person is unable because of the alleged mental illness, to make a rational decision about treatment, whether the decision is to seek treatment or not.'" (quoting *B.T.G.*, 784 N.W.2d at 797)).