# IN THE SUPREME COURT OF IOWA

No. 82 / 05-0493

Filed December 1, 2006

**WINNEBAGO INDUSTRIES, INC.** and **SENTRY INSURANCE**,

Appellees,

vs.

**MARK HAVERLY**,

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Robert A. Hutchison, Judge.

Claimant in workers' compensation case won a favorable ruling from the Workers' Compensation Commissioner, but the ruling was reversed by the district court. The claimant appealed, the court of appeals affirmed, and we granted further review. **DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED; CASE REMANDED.**

Christopher D. Spaulding of Berg, Rouse, Spaulding & Schmidt, P.L.C., Des Moines, for appellant.

Lee P. Hook and Joseph M. Barron of Peddicord, Wharton, Spencer & Hook, LLP, Des Moines, for appellees.

**LARSON, Justice.**

Mark Haverly, who was employed by Winnebago Industries, Inc., filed a workers' compensation claim under Iowa Code chapter 85 (2001) and won a favorable ruling from the Workers' Compensation Commissioner. On judicial review, however, the district court reversed the commissioner's ruling, and the court of appeals affirmed. On further review, we vacate the decision of the court of appeals, reverse the judgment of the district court, and remand.

## I. *Facts and Prior Proceedings.*

Mark Haverly began working for Winnebago in 1983. In 1992 he suffered a work-related back injury and, in 1997, entered into a settlement of his workers' compensation claim. Winnebago provided ongoing medical care for this back injury. Haverly continued to have back pain and underwent various courses of treatment, including surgery. On November 7, 2000, Haverly went to a doctor complaining of increased back pain, and the doctor recommended conservative treatment. Dissatisfied with the subsequent care provided by Winnebago, Haverly sought medical care from Dr. David Beck in February 2002. Dr. Beck recommended surgery. This surgery, however, was not authorized by Winnebago.

In March 2002 Haverly filed a petition for workers' compensation benefits, alleging that a work-related back injury occurred on November 7, 2000.[1] Winnebago responded that any injury sustained on November 7, 2000, related to Haverly's 1992 injury and, at most, caused a temporary aggravation of his preexisting back condition.

Because Winnebago did not authorize Haverly to proceed with the surgery recommended by Dr. Beck, Haverly filed an application for alternate

---

[1]Haverly also filed a petition alleging that he suffered a work-related back injury on March 2, 2000. This alleged injury is not at issue on further review.

medical care on May 17, 2002. *See* Iowa Code § 85.27; Iowa Admin. Code r. 876—4.48. This petition alleged a November 7, 2000 injury date and requested that the surgery be provided by Winnebago. Haverly supported his request with an opinion from Dr. Beck that Haverly's work duties had aggravated his preexisting back condition and that surgery was necessary. Winnebago filed an answer to the request for alternate medical care but, in its answer, did not dispute liability for the November 7 work injury. (A box on the answer form stating "employer denies [the claimant's allegation of liability]" was not checked by Winnebago's attorney.) Moreover, at the hearing on the application for alternate care, Winnebago's attorney confirmed that Winnebago was not disputing liability for the injury. A deputy commissioner granted Haverly's application for alternate care and ordered Winnebago to provide the surgery. Agency rules provide no intra-agency appeal from such orders, and Winnebago did not seek judicial review.

Haverly's claim for benefits proceeded to a hearing in 2003. The deputy commissioner determined, in relevant part, that the issue of liability for the November 7 injury had been previously "litigated" in the alternate-medical-care proceeding and that this prior decision was, therefore, res judicata on the issue of liability. The deputy stated:

> [I]njury arising out of and in the course of employment has been established in a prior contested case proceeding entitled to the same preclusive effect as is this arbitration proceeding.

Winnebago appealed the arbitration decision on this and several other grounds. On the intra-agency appeal, the Workers' Compensation Commissioner affirmed the deputy's conclusion that Winnebago's admission of liability in the alternate-medical-care proceeding was res judicata on the issue of liability for benefits. The commissioner also ruled that, even if

issue preclusion did not prevent Winnebago from litigating the issue, the record "amply demonstrates" that Haverly suffered a new injury on November 7, 2000.

Winnebago sought judicial review, challenging the agency's res judicata determination, as well as the existence of a new injury. The district court reversed, ruling that issue preclusion did not apply because the issue of liability had not been "raised and litigated" in the prior action. *See United Fire & Cas. Co. v. Shelly Funeral Home, Inc.*, 642 N.W.2d 648, 655 (Iowa 2002). The district court found that Winnebago's admission of liability in the alternate-medical-care proceeding was an admission of liability for medical care only and not an admission of liability for a new injury.

On appeal, the court of appeals affirmed. The court noted, but rejected, Haverly's complaint that the district court's conclusion permitted Winnebago to admit liability for the purpose of controlling medical care, but then deny it for the purpose of determining compensability. The court concluded that the requirements for issue preclusion were not met and that neither law-of-the-case nor judicial-estoppel doctrines could be applied to bar litigation of the liability issue.

Haverly contends Winnebago should not be permitted to admit liability in the alternate-medical-care proceeding when that worked to its advantage (by allowing Winnebago to control Haverly's medical care) and then reverse its position in the arbitration hearing on the issue of liability for benefits. The arbitration decision stated a similar view of the case and questioned Winnebago's motives in admitting liability in the alternate-medical-care proceeding. That decision observed

> that, under 876 I.A.C. 4.48(7), the expedited procedure [for alternate medical care] is not available where liability is disputed. Indeed, [Winnebago] filed a formal answer admitting

liability on May 29, 2002. At the beginning of the hearing, [Winnebago's] attorney was asked directly whether liability was admitted, and answered just as directly that it was. . . .

The decision in that case [on alternate medical care] constitutes final agency action and has not been appealed. [Winnebago], however, ha[s] experienced a change of heart and now seek[s] to dispute liability. In agency experience, it is not unheard of for certain employers and insurance carriers to "admit" liability when there is something to gain thereby (the right to control medical treatment), yet thereafter attempt to deny liability as to the case in chief. This litigation offers a classic example.

On Winnebago's intra-agency appeal, the commissioner made a similar observation. While the commissioner did not identify the doctrine of judicial estoppel by name, he clearly stated the gist of it in this language:

It would be patently unfair to allow an employer to admit liability and control the medical care for a medical condition and then allow that employer, after the care is completed to deny liability and litigate the liability issue, unless there are good reasons for doing so.

## II.  *The Issues.*

Haverly raises a single issue: whether Winnebago is foreclosed from denying its liability for the November 7, 2000 injury by admitting its liability in the earlier alternate-medical-care proceeding. He raises three arguments in support of his appeal: issue preclusion, law of the case, and judicial estoppel.

## III.  *Standard of Review.*

Judicial review of a workers' compensation decision by the commissioner is governed by Iowa Code chapter 17A, our Administrative Procedure Act. *See* Iowa Code § 86.26. A party challenging agency action bears the burden of proving both the invalidity of the agency's action and resulting prejudice. Iowa Code § 17A.19(8)(*a*); *Hill v. Fleetguard*, 705 N.W.2d 665, 671 (Iowa 2005).

When a district court exercises its authority on judicial review, it acts in an appellate capacity to correct any errors of law by the agency. *Hill*, 705 N.W.2d at 669; *Heartland Express, Inc. v. Terry*, 631 N.W.2d 260, 265 (Iowa 2001). The district court may reverse, modify, or grant other appropriate relief if substantial rights of the petitioner have been prejudiced. *Hill*, 705 N.W.2d at 669; *Heartland Express, Inc.*, 631 N.W.2d at 265.

On our review of the district court's decision, we apply the standards of chapter 17A to determine if our conclusions are the same as those of the district court. If so, we affirm; otherwise, we reverse or otherwise modify. *Hill*, 705 N.W.2d at 669.

### IV. *Issue Preclusion.*

Haverly argues, and the commissioner ruled, that the issue of Winnebago's liability for the November 7 claim had been decided in the proceeding on Haverly's application for alternate medical care because Winnebago conceded the point in its answer. Based on the principle of issue preclusion, the agency refused to revisit the issue of liability.

The doctrine of res judicata includes both claim preclusion and issue preclusion. *Colvin v. Story County Bd. of Review*, 653 N.W.2d 345, 348 (Iowa 2002). In this case, Haverly relies on issue preclusion, also known as collateral estoppel. *See Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 n.2 (Iowa 1981). Under issue preclusion, once a court has decided an issue of fact or law necessary to its judgment, the same issue cannot be relitigated in later proceedings. *Id.* at 123. Issue preclusion serves a dual purpose: to protect litigants from "the 'vexation of relitigating identical issues with identical parties or those persons with a significant connected interest to the prior litigation,'" and to further "the interest of judicial economy and efficiency by preventing unnecessary litigation." *Am. Family Mut. Ins. Co. v. Allied Mut. Ins. Co.*, 562 N.W.2d 159, 163 (Iowa 1997)

(quoting *State ex rel. Casas v. Fellmer*, 521 N.W.2d 738, 740-41 (Iowa 1994)). Under our four-part test, the doctrine applies to prevent relitigation if:

> (1) the issue determined in the prior action is identical to the present issue; (2) the issue was raised and litigated in the prior action; (3) the issue was material and relevant to the disposition in the prior action; and (4) the determination made of the issue in the prior action was necessary and essential to that resulting judgment.

*United Fire & Cas. Co.*, 642 N.W.2d at 655.

The element of issue preclusion of concern in this case is whether the issue of Winnebago's liability was "raised and litigated" in the alternate-care proceeding. Iowa law is clear that issue preclusion requires that the issue was "actually litigated" in the prior proceeding. *Spiker v. Spiker*, 708 N.W.2d 347, 353 (Iowa 2006); *Hoth v. Iowa Mut. Ins. Co.*, 577 N.W.2d 390, 391-92 (Iowa 1998); *see also* Restatement (Second) of Judgments § 27 ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.").

> An issue is not actually litigated if the defendant might have interposed it as an affirmative defense but failed to do so; nor is it actually litigated if it is raised by a material allegation of the party's pleading but is admitted (explicitly or by virtue of a failure to deny) in a responsive pleading; nor is it actually litigated if it is raised in an allegation by one party and is admitted by the other before evidence on the issue is adduced at trial; nor is it actually litigated if it is the subject of a stipulation between the parties. A stipulation may, however, be binding in a subsequent action between the parties if the parties have manifested an intention to that effect. Furthermore, under the rules of evidence applicable in the jurisdiction, an admission by a party may be treated as conclusive or be admissible in evidence against that party in a subsequent action.
>
> In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore,

> the rule of this Section does not apply with respect to any issue in a subsequent action. The judgment may be conclusive, however, with respect to one or more issues, if the parties have entered an agreement manifesting such an intention.

Restatement (Second) of Judgments § 27 cmt. *e*; *see also United States v. Young*, 804 F.2d 116, 118 (8th Cir. 1986) ("A fact established in prior litigation not by judicial resolution but by stipulation has not been 'actually litigated' and thus is the proper subject of proof in subsequent proceedings."); 50 C.J.S. *Judgments* § 813, at 381 (1997) ("Facts determined by admissions and stipulations ordinarily are not entitled to collateral estoppel effect, because facts so determined are not actually litigated, unless the parties to the stipulation manifest an intent to be bound in a subsequent action." (Footnotes omitted.)).

We agree with the court of appeals and the district court that Winnebago's admission of liability in the alternate-care proceeding did not constitute actual litigation for the purpose of applying issue preclusion.

### V. *Law of the Case.*

Haverly also argues that the deputy commissioner's order requiring Winnebago to furnish alternate medical care is binding in future proceedings on that claim. "The doctrine of the law of the case represents the practice of courts to refuse to reconsider what has once been decided." *State v. Grosvenor*, 402 N.W.2d 402, 405 (Iowa 1987); *accord State ex rel. Goettsch v. Diacide Distrib., Inc.*, 596 N.W.2d 532, 537 (Iowa 1999). Pursuant to this principle,

> legal principles announced and the views expressed by a reviewing court in an opinion, right or wrong, are binding throughout further progress of the case upon the litigants, the trial court and this court in later appeals.

*Grosvenor*, 402 N.W.2d at 405; 5 Am. Jur. 2d *Appellate Review* § 605, at 300-01 (1995).

The answer to Haverly's law-of-the-case argument is that the agency did not decide anything as to Winnebago's liability for compensation benefits, but only his right to alternate care. In fact, for reasons we discuss later, the agency *could not* decide liability at that stage. *See* Iowa Admin. Code r. 876—4.48(7) (2001) (If liability is disputed, the application for alternate medical care would have to be dismissed.). Our resolution of the issue regarding Winnebago's admission of liability in the alternate-care proceeding is not based on what the *agency* did or decided at that point, but what *Winnebago* did. As such, the law-of-the-case doctrine does not bar Winnebago's denial of liability in this case. That brings us to the issue of judicial estoppel, Haverly's third argument.

## VI. *Judicial Estoppel.*

Haverly argues that Winnebago is judicially estopped from denying liability for the November 7, 2000 injury because it conceded that issue in the alternate-medical-care proceeding. In this case, Haverly did not raise the issue of judicial estoppel. In fact, it was only mentioned and rejected by the district court in its ruling on judicial review. However, because judicial estoppel is intended to protect the integrity of the fact-finding process by administrative agencies and courts, the issue may properly be raised by courts, even at the appellate stage, on their own motion. *See In re Cassidy*, 892 F.2d 637, 641 (7th Cir. 1990); *State v. Duncan*, 710 N.W.2d 34, 43-44 (Iowa 2006).

Under our cases,

[t]he doctrine [of judicial estoppel] "prohibits a party who has successfully and unequivocally asserted a position in one proceeding from asserting an inconsistent position in a subsequent proceeding." It is a "common sense" rule, designed to protect the integrity of the judicial process by preventing deliberately inconsistent—and potentially misleading— assertions from being successfully urged in succeeding tribunals. The doctrine is properly limited in its application to

cases involving privity with, or prejudice to, the party invoking the doctrine. Another fundamental feature of the doctrine is the requirement of proof that the inconsistent position has been successfully asserted in the prior tribunal. Without such proof, "application of the rule is unwarranted because no risk of inconsistent, misleading results exists."

*Wilson v. Liberty Mut. Group*, 666 N.W.2d 163, 166 (Iowa 2003) (quoting *Vennerberg Farms, Inc. v. IGF Ins. Co.,* 405 N.W.2d 810, 814 (Iowa 1987)) (other citations omitted).

The doctrine at issue, although called "judicial" estoppel, is applicable in administrative, as well as judicial, cases. *See Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 604 (9th Cir. 1996).

Unsurprisingly given its name, judicial estoppel is often articulated as applying to "judicial" proceedings. However, many cases have applied the doctrine where the prior statement was made in an administrative proceeding, and we are not aware of any case refusing to apply the doctrine because the prior proceeding was administrative rather than judicial.

*Id.*; *see also Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1427 (7th Cir. 1993) ("Though called *judicial* estoppel, the doctrine has been applied, rightly in our view, to proceedings in which a party to an administrative proceeding obtains a favorable order that he seeks to repudiate in a subsequent judicial proceeding."); Charles Alan Wright, et al., *Federal Practice and Procedure* § 4477, at 575 (2002) (judicial estoppel applicable to cases of inconsistent statement made to administrative agency). The rationale for this principle is that "[a]scertaining the truth is as important in an administrative inquiry as in judicial proceedings." *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 72 (2d Cir. 1997).

Our *Wilson* case is closely analogous to this one. In *Wilson* a workers' compensation claimant settled his case with his employer under the provisions of Iowa Code section 85.35. As required by that statute, Wilson admitted there was a bona fide dispute with his employer regarding the

cause of his injury. His employer's insurance carrier paid benefits under the settlement agreement. Wilson then filed a lawsuit against the insurance carrier for alleged bad-faith failure to settle the claim. *Wilson*, 666 N.W.2d at 165.

We held that Wilson was precluded, in a civil action, to claim bad-faith failure to settle because this was exactly the opposite of what he had stated in his workers' compensation settlement agreement, i.e., that there was a bona fide dispute on liability. *Id.* at 166-67. We reached that conclusion on the basis of judicial estoppel because

> [p]lainly Wilson's position in the bad faith action is inconsistent with the position he asserted in the workers' compensation litigation. To prevail on his bad faith claim, Wilson would necessarily have to prove that Liberty Mutual had no reasonable basis to deny his claim. Yet in the section 85.35 proceedings before the workers' compensation commissioner, Wilson successfully asserted there was a bona fide dispute as to whether his injuries were work-related so as to entitle him to additional benefits. These positions are clearly inconsistent.

*Id.* at 167 (citation omitted).

In *Simon* a worker told the Social Security Administration he was unable to work, and the court held he was judicially estopped from later claiming damages for age discrimination against his employer because his later claim required proof that he was qualified and able to perform the duties required for his position. 128 F.3d at 73-74.

In *DeGuiseppe v. Village of Bellwood*, 68 F.3d 187 (7th Cir. 1995), a police officer won a disability pension by claiming inability to perform his duties. He later sued the village for retaliatory discharge. As part of his retaliatory-discharge suit, the plaintiff was required to show he was *not* disabled. *DeGuiseppe*, 68 F.3d at 191. While the plaintiff contended he was not disabled, the court said:

> Regardless of whether or not this contention is true, this Court is not disposed to consider it. Under the doctrine of judicial estoppel, which "prevents a party who has successfully taken a position in one litigation from taking the opposite position in a subsequent litigation," courts are under no compulsion to heed the shifting theories of "chameleonic litigants." Instead, we will accept a party's prevailing position in previous litigation (or, as here, quasi-judicial proceedings) as dispositive.

*Id.* (quoting *Czajkowski v. City of Chicago*, 810 F. Supp. 1428, 1434 (N.D. Ill. 1992)) (other citation omitted).

In this case, it is understandable why Winnebago admitted liability in the alternate-care proceeding. If an employer admits liability, it ordinarily has the right to control the care provided to the employee. Iowa Code § 85.27(4). The right to control treatment, however, is lost if the employer disputes liability. *Trade Prof'ls, Inc. v. Shriver*, 661 N.W.2d 119, 124 (Iowa 2003). In *Trade Professionals* we based this conclusion on the Workers' Compensation Commissioner's interpretation of an administrative rule. Under the Iowa Administrative Code,

> [a]pplication cannot be filed under this rule [for applying for alternate care] if the liability of the employer is an issue. If an application is filed where the liability of the employer is at issue, the application will be dismissed without prejudice.

Iowa Admin. Code r. 876—4.48(7) (2001).

As we noted in *Trade Professionals*,

> [t]he industrial commissioner has interpreted this section to mean that,
>
>> in Iowa, an employer and its insurer have the right to control the medical care claimant receives, with two exceptions. The first is where the employer has denied liability for the injury. The second is where claimant has sought and received authorization from this agency for alternative medical care.

*Trade Prof'ls*, 661 N.W.2d at 124 (quoting *Freels v. Archer Daniels Midland Co.*, #1151214 (7/30/2000)).

We can assume in this case that Winnebago decided to admit liability for the purpose of maintaining control over Haverly's care, but rejected any broader application of that admission because it wanted to challenge its liability for payment of benefits. Under judicial estoppel, this ordinarily cannot be permitted. There might, in some cases, be a significant change in the facts after the admission of liability that could justify a change of position by the employer, but those facts are not present here.

## VII. *Conclusion.*

For the reasons discussed, we vacate the decision of the court of appeals, reverse the judgment of the district court, and remand to the commission for computation of benefits.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED; CASE REMANDED.**

All justices concur except Hecht, J., who takes no part.