# IN THE COURT OF APPEALS OF IOWA

No. 13-2057
Filed August 27, 2014


**CLARENCE CHAPMAN,**
    Plaintiff-Appellee,

**vs.**

**GERDAU AMERISTEEL and ESIS,**
    Defendant-Appellants.
_____


Appeal from the Iowa District Court for Polk County, Carla T. Schemmel,

Judge.


Employer Gerdau Ameristeel appeals the district court decision reversing

the final decision of workers' compensation commissioner. **REVERSED.**


Jordan A. Kaplan of Betty, Neuman & McMahon, P.L.C., Davenport, for

appellants.

D. Brian Scieszinski of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des

Moines, for appellee.


Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**VAITHESWARAN, P.J.**

This appeal from judicial review of a workers' compensation decision implicates a statutory provision requiring an employee to notify an employer of an injury within ninety days of its occurrence.

## I. Background Facts and Proceedings

Clarence Chapman worked as a millright for Gerdau Ameristeel. Chapman began experiencing "trigger finger" in his left hand and pain, numbness, and tingling in both hands. He was diagnosed with moderately severe carpal tunnel syndrome. Chapman underwent surgery in 2008. He did not inform his employer that the surgery was work-related.

Chapman's condition initially improved but later took a turn for the worse. On May 27, 2009, Chapman took family medical leave with the approval of his employer. He returned to work about a month later and continued working until his early retirement in June 2010.

Chapman filed a petition for workers' compensation benefits. He alleged an injury date of October 23, 2008, asserted the injury was to his "[b]ilateral arms," and claimed the injury arose from "[c]umulative work activities." Gerdau responded that Chapman failed to give the company notice of his injury within ninety days of its occurrence, as required by Iowa Code section 85.23 (2009).

Following an evidentiary hearing, a deputy commissioner determined that Chapman's benefits claim was "barred for lack of timely notice under Iowa Code section 85.23." The deputy based his determination on the following findings:

> [I]n late May 2009 claimant knew his injury was serious and that it was work related. By that date, he also knew that his physical condition was serious enough to have a permanent adverse impact

on his job. Claimant did not give notice of injury until April 14, 2010, approximately 11 months later.

Chapman filed an intra-agency appeal. He also filed a second petition with the workers' compensation commissioner alleging later injury dates of April 2, 2010, and June 1, 2010. Gerdau moved to dismiss the second petition on the ground that it was barred by the doctrines of res judicata and judicial estoppel. The deputy granted the motion based on claim preclusion. Chapman filed a second intra-agency appeal.

Addressing both appeals in the same ruling, the commissioner affirmed and adopted the deputy's decisions as the final agency decision. Chapman sought judicial review.

The district court reversed the agency. The court concluded the ninety-day statutory notice period did not "begin until after [Chapman] realized he could no longer perform his job," which, according to the court, was on June 1, 2010, rather than late May 2009, as the agency found. In light of this ruling, the court determined the agency's dismissal of Chapman's second petition was moot. This appeal followed.

## II. Notice to Employer

Iowa Code section 85.23 states:

Unless the employer or the employer's representative shall have actual knowledge of the occurrence of an injury received within ninety days from the date of the occurrence of the injury, or unless the employee or someone on the employee's behalf or a dependent or someone on the dependent's behalf shall give notice thereof to the employer within ninety days from the date of the occurrence of the injury, no compensation shall be allowed.

Iowa Code § 85.23.

The commissioner found that Chapman's injury date was October 23, 2008, as he pled in his first petition. The commissioner recognized, however, that the date of injury may not control for notice purposes. *Herrera v. IBP, Inc.*, 633 N.W.2d 284, 287 (Iowa 2001). "[A]lthough an injury may have occurred, the [notice] period does not commence until the employee, acting as a reasonable person, recognizes its 'nature, seriousness and probable compensable character.'" *Id.*[1] In other words, the notice period "will not begin to run until the employee also knows that the physical condition is serious enough to have a permanent adverse impact on the claimant's employment or employability." *Id.* at 288; *see also Larson Mfg. Co., Inc. v. Thorson*, 763 N.W.2d 842, 855 (Iowa 2009).

The commissioner found that Chapman saw his physician on May 27, 2009, and expressed concern he "could not do his job because he was losing his grip with tools." The commissioner further found Chapman was taken off work and began family medical leave on that date. This is the date the commissioner used to begin the ninety-day notice period. We review these findings for substantial evidence. *Herrera*, 633 N.W.2d at 288; *Larson Mfg.,* 763 N.W.2d at 855.

The record contains physician notes documenting Chapman's return visit on May 27, 2009, and his fear

> that he cannot do his job because he is prone to lose his grip on tools, wrenches and so forth and cannot seem to put the strength through his left upper extremity that he needs to and . . . if he lost a

---

[1] *Herrera* addressed the two-year statute of limitations under section 85.26, but the Iowa Supreme Court has stated "[t]his rule is applicable to the notice of claim provision in section 85.23." *Orr v. Lewis Cent. Sch. Dist.*, 298 N.W.2d 256, 257 (Iowa 1980).

tool into a machine it could cause disruption of function of the machine plus potentially seriously damage co-workers [if] fragmentation occurred.

The notes continue: "He thinks he would be fired from his job if that occurred and he does not wish to take that risk. He seems to be genuinely concerned about this liability and his inability to feel confident in his grip and holding and use of his hand and fingers."

Also in the record is a notice granting Chapman family medical leave as of that date for a "serious health condition" that made him "unable to perform the essential functions of" his job. This evidence amounts to substantial evidence in support of the commissioner's finding that Chapman recognized the "nature, seriousness and probable compensable character" of his injury in late May 2009. *Herrera*, 633 N.W.2d at 288.

As discussed, Chapman failed to notify his employer of his injury within ninety days of May 27, 2009. While Chapman appears to dispute this point on appeal, the record evidence is undisputed. Specifically, a company nurse testified she received no notification of a work-related injury and Chapman conceded he did not inform his supervisors of the work-related nature of his injury.

Chapman falls back on an argument that the company had actual notice of the work-related nature of his injury. *See* Iowa Code § 85.23. Actual notice under Iowa Code section 85.23 requires more than an employer's awareness of the employee's injury; it requires knowledge that the injury might be *work-connected. Johnson v. Int'l Paper Co.,* 530 N.W.2d 475, 477 (Iowa Ct. App. 1995) (citing *Dillinger v. City of Sioux City*, 368 N.W.2d 176 (Iowa 1985)).

The commissioner found that the company nurse "did not know [Chapman] had a work injury until notice was served on Gerdau" in 2010. The finding is supported by substantial evidence in the form of the nurse's testimony. She stated she was unaware Chapman's injury was work-related because no incident report was filed by Chapman, she was not privy to Chapman's private medical records, no supervisors had reported a work-related injury, and she had no reason to believe the nature of Chapman's work would cause the type of injury he sustained. While a fact-finder could have found that Chapman's hand surgery together with his decision to take family medical leave placed the employer on inquiry notice of a work-related injury, inquiry notice is not the operative standard. *See George A. Hormel & Co. v. Jordan*, 569 N.W.2d 148, 153 (Iowa 1997) (finding actual notice based on plant manager's accommodation of claimant's injury and company's authorization of a series of physicians to examine the claimant); *see also Larson Mfg.*, 763 N.W.2d at 854 (addressing due process notice claim and finding employer had actual notice of injury date based on assignment of employee to light duty, petition alleging disability over six year period and access to employee's medical records).

Because the commissioner's relevant fact findings are supported by substantial evidence, the commissioner did not err in concluding that Chapman's petition for workers' compensation benefits was time-barred for failure to provide the notice required by section 85.23. The district court erred in reversing this conclusion.

*II. Second Petition*

As noted, the commissioner dismissed Chapman's second workers' compensation petition on claim-preclusion grounds and the district court did not address the dismissal other than to say the issue was moot. Chapman now urges us to reverse the ruling granting the motion to dismiss. He argues the commissioner should have provided him an opportunity to present evidence on alternate injury dates. Gerdau counters that neither party appealed the district court's ruling on the second petition and, accordingly, "this issue is not presently on appeal" and "should not be considered." Gerdau alternatively proceeds to the merits and argues in part that the doctrine of judicial estoppel precludes Chapman from raising different injury dates.

The Iowa Supreme Court has stated that the issue of judicial estoppel "may properly be raised by courts, even at the appellate stage, on their own motion." *Winnebago Indus., Inc. v. Haverly*, 727 N.W.2d 567, 573 (Iowa 2006); *see also Tyson Foods, Inc. v. Hedlund*, 740 N.W.2d 192, 195 (Iowa 2007) (holding same). Based on this statement, we will proceed to address the doctrine.

Judicial estoppel "prohibits a party who has successfully and unequivocally asserted a position in one proceeding from asserting an inconsistent position in a subsequent proceeding." *Winnebago Indus., Inc.*, 727 N.W.2d at 573 (citations omitted). It is applicable in administrative as well as judicial cases. *Id.* at 573-74.

In his first petition, Chapman pled his injury date as October 23, 2008 "and continuing." At the evidentiary hearing, Chapman did not argue for a cumulative

injury date other than October 23, 2008. The commissioner accepted October 23, 2008, as the cumulative injury date. The commissioner's finding was entirely consistent with the pleadings and record.[2] Chapman's second petition alleging new dates for the same injury was inconsistent with the position he pled and argued in the first proceeding and the position the commissioner accepted. *See Hedlund*, 740 N.W.2d at 198 (noting "judicial estoppel applies only when the position asserted by a party was material to the holding in the prior litigation"). Chapman was judicially estopped from claiming different dates, and the commissioner did not err in dismissing the second petition.

### III. Disposition

We conclude the commissioner got it right on all counts. We reverse the district court order reversing the agency's final decision.

**REVERSED.**

---

[2] Additionally, the commissioner had no obligation to "fix a time of beginning for the period of cumulative events that produced the manifestation of injury" or to establish a chronology of subsequent occurrences. *Thilges v. Snap-On Tools Corp.*, 528 N.W.2d 614, 618 (Iowa 1995).