## IN THE COURT OF APPEALS OF IOWA

No. 14-0292
Filed March 25, 2015

**NID, INC., and GREAT WEST**
**CASUALTY COMPANY,**
    Petitioners-Appellees/Cross-Appellants,

**vs.**

**TROY MONAHAN,**
    Respondent-Appellant/Cross-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

Appeal and cross-appeal from ruling on judicial review. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Max Schott and Jean Mauss of Schott Mauss & Associates, P.L.L.C., Des Moines, for appellant.

Stephen W. Spencer and Christopher S. Spencer of Peddicord, Wharton, Spencer, Hook, Barron & Wegman, L.L.P., West Des Moines, for appellee.

Heard by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Claimant Troy Monahan appeals and the employer NID, Inc., and its insurer Great West Casualty Company (collectively, hereinafter "NID") cross-appeal from the district court's ruling that affirmed in part and reversed in part the agency's decision in this alternate medical care proceeding arising under the workers' compensation law. *See* Iowa Code § 85.27(4) (2009). Monahan concedes the agency committed legal error in concluding the employer was barred from denying causation but asks this court to apply the doctrine of judicial estoppel to affirm the agency's action. NID claims the agency erred in imposing sanctions, and the court erred in remanding this alternate medical care proceeding to the agency for a hearing on causation.

I.

This workers' compensation proceeding is unnecessarily Dickensian in duration and procedural complexity. On March 15, 2007, Monahan fell at work, landing on his left side. He treated at a local hospital and was prescribed medication. On September 28 of that year, NID assigned Monahan to a project. Monahan did not think he was physically able to do the project, and he left without ever returning to work. Over the next two years Monahan treated on multiple occasions for pain on his left side.

Almost two years after the injury, on February 26, 2009, Monahan filed his petition in arbitration, alleging a March 15, 2007 work-related injury to his upper left extremity, including shoulder, elbow, and hand. The matter came on for hearing in March 2010. The joint hearing report shows the parties stipulated that

Monahan sustained an injury on March 15, 2007, that arose out of and in the course of his employment with NID. The parties disputed whether the injury caused disability, Monahan's entitlement to healing period benefits, and Monahan's entitlement to permanent partial disability benefits. The joint report also showed the parties disputed whether Monahan's medical expenses were causally connected to the injury. On April 5 and May 19, 2010—after the arbitration hearing but prior to the filing of the arbitration decision—Monahan, on his own volition, treated with Dr. Neff, an orthopedic surgeon, who recommended arthroscopy of Monahan's left shoulder with impingement decompression.

On June 1, 2010—after the arbitration hearing but prior to the filing of the arbitration decision—Monahan filed a petition for alternate medical care pursuant to Iowa Code section 85.27(4), seeking the recommended arthroscopy. NID filed its answer, disputing liability for Monahan's "current left shoulder complaints for which he seeks care." The agency dismissed the petition for alternate care, explaining the "summary provisions of Iowa Code section 85.27 as more particularly described in rule 876 IAC 4.48 are not designed to adjudicate disputed compensability of claim."

On October 27, 2010, the agency filed its arbitration decision. The deputy found "claimant sustained a stipulated injury to the neck, left upper extremity/left shoulder" and "at the time of the evidentiary hearing claimant was working full-time with IMT with lots of overtime without restrictions or accommodations." The deputy found that Monahan "still gets sharp pains in his hand and from his elbow to his shoulder and has reduced grip strength in the left hand. No doctor took

claimant off work from the time he left employment at NID until he began work at another employer, L&M, except for October 25, 2007 to November 8, 2007." The deputy found Monahan's work injury was causally related only to the left hand carpal tunnel syndrome and awarded benefits for the period Monahan was off work following carpal tunnel surgery. The deputy concluded Monahan failed to prove the March 15, 2007 work injury "caused a permanent disability." The deputy ordered that Monahan was entitled to alternate medical care, specifically that "defendants shall provide claimant a second opinion by an orthopedic doctor of their choosing for his shoulder." The parties appealed and cross-appealed the arbitration decision. In April 2012, the agency issued its appeal decision, affirming and adopting "those portions of the proposed arbitration decision . . . that relate to issues properly raised . . . without additional comment."

On April 15, 2013, now more than six years after his injury, Monahan filed a second application for alternate medical care, requesting that the agency order NID to authorize a return consultation with Dr. Neff to determine if the May 2010 recommendation was still appropriate. NID answered and denied "causation of claimant's current complaints." The agency dismissed the alternate medical care application, explaining "before any benefits can be ordered, including medical benefits, compensability of the claim must be established, either by admission of liability or by adjudication."

Monahan sought rehearing of his second application for alternate medical care. He asserted causation and liability were established in the arbitration and appeal decisions "as a matter of law and [are] preclusive on this issue." He

noted NID had failed to comply with the appeal decision's order to provide a second opinion by an orthopedic doctor. For relief, he requested that he be allowed to return to Dr. Neff and that sanctions be imposed against NID. The agency granted Monahan's request for rehearing. It held the defendants were "barred by the doctrine of res judicata from contending they are not liable for claimant's continued shoulder problems." The rehearing decision also stated: "Since the April 2, 2012 appeal decision, defendants have not provided claimant with a second opinion regarding care for his shoulder injury. Defendants are therefore ordered, once again, to provide the alternate medical care prescribed in the October 27, 2010 arbitration decision in this case." The decision continued: "Defendants' continued denial of the order to provide alternate medical care was not warranted by existing law." The agency then imposed attorney's fees and costs as a sanction against NID.

NID sought judicial review of the rehearing decision pursuant to the Iowa Administrative Procedure Act ("IAPA"), Iowa Code Chapter 17A. NID argued the agency erred (1) in ruling on the merits of the alternate medical care request when causation was at issue, (2) in determining causation in the alternate medical care proceeding, (3) in using the alternate medical care proceeding to enforce the appeal decision, and (4) in awarding attorney fees. The district court determined the agency's application of the res judicata doctrine was error because Monahan's "shoulder injury was stipulated to, [so] it was never actually litigated." The district court concluded the application for alternate medical care "should have been dismissed" because causation was still at issue. The district

court explained that if Monahan wanted to enforce the appeal decision and obtain a second opinion, Monahan "should have sought judicial enforcement of the order" pursuant to Iowa Code section 86.42. Although the court recognized that dismissal of the application for alternate medical care was required when causation and liability were disputed, the court, in an attempt to bring closure to this *Jarndyce*-like case, remanded the case to the agency to hold a hearing on causation.

Both parties filed post-ruling motions. Monahan's motion acknowledged res judicata did not apply, but, for the first time in this proceeding, asked the court to apply the doctrine of judicial estoppel. The court summarily denied all post-ruling motions. This appeal and cross-appeal followed.

II.

The standard of review in this case is governed by the IAPA. Under the IAPA, we may grant relief only if we determine the "substantial rights of the person seeking judicial relief have been prejudiced" due to certain types of enumerated errors. Iowa Code § 17A.19(10). As relevant here, we review final agency action for correction of errors at law. *See Kohlhaas v. Hog Slat, Inc.*, 777 N.W.2d 387, 390 (Iowa 2009). We review the agency's findings to determine if they are supported by substantial evidence. *See id.* at 391. "'Substantial evidence' means the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance." Iowa Code

§ 17A.19(10)(f)(1). We review the agency's application of the law to the facts for an abuse of discretion. *See Meyer v. IBP, Inc.*, 710 N.W.2d 213, 219 (Iowa 2006). "An abuse of discretion occurs when the commissioner's exercise of discretion is 'clearly erroneous or rests on untenable grounds.'" *Kohlhaas*, 777 N.W.2d at 391 (citation omitted).

## III.

## A.

The district court concluded the agency erred in holding that res judicata barred NID from contesting causation and liability. Monahan concedes the agency erred in applying the doctrine of res judicata. He argues that the agency decision should nonetheless be affirmed by application of the doctrine of judicial estoppel.

Our supreme court has explored the application of the doctrine of judicial estoppel in workers' compensation proceedings. *See Tyson Foods v. Hedlund*, 740 N.W.2d 192, 195-99 (Iowa 2007); *Winnebago Indus. v. Haverly*, 727 N.W.2d 567, 573-75 (Iowa 2006). "[J]udicial estoppel is a 'commonsense doctrine' that 'prohibits a party who has successfully and unequivocally asserted a position in one proceeding from asserting an inconsistent position in a subsequent proceeding.'" *Tyson Foods*, 740 N.W.2d at 195 (quoting *Vennerberg Farms, Inc. v. IGF Ins. Co.*, 405 N.W.2d 810, 814 (Iowa 1987)). It is "designed to protect the integrity of the judicial process." *Id.* The doctrine applies to administrative proceedings as well as judicial proceedings. *See Winnebago Indus.*, 727 N.W.2d at 573-74. If there is a significant change in the facts after an initial position, then

a change in position does not violate the doctrine of judicial estoppel. *Winnebago Indus.*, 727 N.W.2d at 575. Because the doctrine primarily is intended to protect the integrity of the legal process, an appellate court may raise judicial estoppel on its own motion. *See State v. Duncan*, 710 N.W.2d 34, 43-44 (Iowa 2006).

We conclude there is no basis to apply the doctrine of judicial estoppel here. Monahan contends NID previously stipulated to causation and liability. In his main and reply briefs, Monahan never identifies where in the record the alleged stipulation can be found. At oral argument, Monahan's counsel was unable to identify where in the record the alleged stipulation can be found. On our review of the record, we conclude NID stipulated only that Monahan suffered a work-related injury. At no point in these proceedings did NID stipulate as to causation and liability. As set forth above, NID actually contested causation and liability at every point in these proceedings. An employer may properly admit to an injury arising out of and in the course of employment while still contesting liability for all of the consequences and any disability claimed to result from such injury. *See McGowan v. Brandt Constr. Co.*, No. 09-1033, 2010 WL 2079704, at *4 (Iowa Ct. App. May 26, 2010). Because NID has not asserted inconsistent positions, there is no reason for this court to apply the doctrine of judicial estoppel, and we decline Monahan's request to do so.

We thus affirm the district court insofar as it held the agency committed legal error in holding res judicata barred NID from denying causation and liability.

We also affirm the district court insofar as it declined to judicially estop NID from denying causation and liability.

B.

We next address issues related to the remedies the agency ordered. In his second application for alternate medical care at issue in this appeal, Monahan essentially sought enforcement of the appeal decision following arbitration. Alternate medical care proceedings are summary proceedings. *See* Iowa Admin. Code r. 876-4.1, 876-4.48(7); *see also* Iowa Code § 85.27(4); *McGowan*, 2010 WL 2079704, at *4 (describing alternate medical care proceedings as summary proceedings). The agency does not have the authority in an alternate medical care proceeding under section 85.27(4) to enforce a prior order. We agree with the district court that section 86.42 is the appropriate method for seeking judicial enforcement of the agency's orders and that the agency erred by ordering compliance with the agency's prior order in the context of an alternate care proceeding. *See* Iowa Code § 86.42 (stating a party may present the district court with an order or decision of the commissioner in order to have it enforced if timely petition for judicial review has not been filed).

The agency also awarded Monahan fees and costs as a sanction against NID. Monahan contends that sanctions are appropriate here regardless of whether the agency erred in its application of res judicata. We disagree. The agency's primary basis for imposing sanctions was NID's failure to comply with the appeal decision and obtain a second medical opinion regarding Monahan's shoulder. As indicated above, that issue was not properly before the agency in

this alternate medical care proceeding. Further, NID had a legitimate basis to contest causation and liability. Thus, sanctions were not appropriate in this context.

C.

Finally, we address what further proceedings are necessary given our conclusion the agency erred in applying res judicata, erred in issuing an enforcement order in an alternate medical care proceeding, and erred in imposing sanctions. The district court ordered the case remanded for a hearing on causation and liability. NID argues this was erroneous and that the appropriate remedy is remand to the agency for dismissal of the alternate medical care petition. Monahan agrees that dismissal is the appropriate remedy. We reach the same conclusion. Alternate medical care is available only where the employer does not contest the compensability of the injury—the issue of compensability is totally removed from the alternate medical care process. *See R.R. Donnelly & Sons v. Barnett*, 670 N.W.2d 190, 196-97 (Iowa 2003). Because NID denied causation and liability, the application for alternate care should have been dismissed. *See* Iowa Admin. Code r. 876-4.48(7) ("Application [for alternate care] cannot be filed under this rule if the liability of the employer is at issue. If an application is filed where the liability of the employer is an issue, the application will be dismissed without prejudice.").

IV.

For the foregoing reasons, we affirm in part and reverse in part the district court's ruling on NID's petition for judicial review. This matter shall be remanded

to the agency for dismissal of Monahan's petition for alternate medical care. NID's motion to strike certain portions of the appendix not part of the record and certain portions of Monahan's reply brief referring to material outside the record is denied. However, the court has not considered those parts of the appendix not in the record, those arguments in Monahan's main brief and reply brief relying on material outside the record, and the new arguments raised for the first time in Monahan's reply brief. *See Sun Valley Iowa Lake Ass'n v. Anderson*, 551 N.W.2d 621, 642 (Iowa 1996); *Jones v. Madison Cnty.*, 492 N.W.2d 690, 693-94 (Iowa 1992); *Kliege v. Iowa Emp't Security Comm'n*, 206 N.W.2d 123, 126 (Iowa 1973).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**