**IN THE COURT OF APPEALS OF IOWA**

No. 20-0016
Filed April 14, 2021

**HEATHER HOUSLEY,**
　　　Plaintiff-Appellant,

**vs.**

**SECOND INJURY FUND OF IOWA,**
　　　Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson,

Judge.

Heather Housley appeals the denial of her claim against the Second Injury

Fund. **AFFIRMED.**

Peter M. Sand, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Amanda R. Rutherford, Assistant

Attorney General, for appellee.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**BOWER, Chief Judge.**

Heather Housley appeals the district court's ruling on judicial review affirming the decision of the Iowa Workers' Compensation Commissioner denying her claim for benefits from the Second Injury Fund of Iowa. We affirm.

On April 23, 2015, Housley filed a petition with the Iowa Workers' Compensation Commissioner seeking benefits from the Second Injury Fund of Iowa (the Fund) alleging an injury to her right leg on June 25, 2005, while working at a stock car race, and a second injury to her right arm which occurred while she was employed with Dell Oil on November 27, 2006. Housley received benefits from Dell Oil under Iowa Code chapter 85 (2006), but did not file a claim against Dell Oil for workers' compensation benefits. Housley did not name Dell Oil as a party in the underlying action.

The Fund filed a motion to dismiss for failure to include a necessary party or enter into an agreement for settlement with her former employer. A deputy commissioner noted the delay between the Fund's answer to Housley's petition and the motion to dismiss, determined "claimant could potentially recover on her claim," and denied the motion to dismiss on November 14, 2016.

At the arbitration hearing, the Fund challenged the applicability of the Second Injury Compensation Act. It argued Housley failed to prove her entitlement to permanent disability benefits against Dell Oil and, consequently, failed to prove she had a compensable second injury under Iowa Code section 85.64 (2015). The Fund also argued Housley failed to establish a disabling first injury. The deputy commissioner determined, "[Housley] has failed to carry her burden of proof that the Fund benefits are triggered having failed to produce a prior agreement for

settlement or adjudication concerning [Housley] and [Dell Oil] and in the absence thereof, having failed to include [Dell Oil] as a necessary party in this litigation." The deputy concluded all other issues raised were moot.

Housley filed an intra-agency appeal to the commissioner, asserting the deputy erred in finding she failed to prove entitlement to receive benefits from the Fund. Housley argued the employer's liability in the November 27, 2006 claim is established by her showing that voluntary weekly workers' compensation payments were made by the employer and its insurer.

The commissioner affirmed and adopted the deputy's ruling. The commissioner explained that an employer's liability for permanency benefits is not legally established by volunteering weekly benefits. Citing Iowa Code section 86.13(1),[1] the commissioner noted weekly benefits were volunteered by Dell Oil indicating the employer had notice of the injury, but was not admitting liability for permanent impairment. The commissioner affirmed the deputy commissioner's ruling that Housley failed to establish the Fund benefits were triggered because she "failed to produce a prior agreement for settlement or adjudication concerning the claimant and the employer and, in the absence thereof, claimant also failed to include the employer as a necessary party in this litigation."

---

[1] Section 86.13(1) provides:

> If an employer or insurance carrier pays weekly compensation benefits to an employee . . . [t]he payments establish conclusively that the employer and insurance carrier have notice of the injury for which benefits are claimed *but the payments do not constitute an admission of liability under this chapter or chapter 85,* 85A or 85B.

(Emphasis added.)

Housley filed a petition for judicial review in district court, where she asserted the employer engaged in voluntary payment of benefits, which is equivalent to making an admission of liability. She also claimed that Dell Oil admitted liability for her injury in an alternate care proceeding, meeting the compensability requirement in Iowa Code section 85.64. The district court thoughtfully considered and rejected Housley's arguments, upheld the commissioner's ruling, and dismissed Housley's petition. Housley appeals.

> An appeal of a workers' compensation decision is reviewed under standards described in chapter 17A. "The agency decision itself is reviewed under the standards set forth in section 17A.19(10)." The agency's decision in this case was based on an interpretation of Iowa Code section 85.64. Interpretation of the workers' compensation statute is an enterprise that has not been clearly vested by a provision of law in the discretion of the commissioner. Thus, we will reverse the agency's decision if it is based on "an erroneous interpretation" of the law.

*Gregory v. Second Injury Fund*, 777 N.W.2d 395, 397 (Iowa 2010) (internal citations omitted).

The Fund is statutorily created. *See generally* Iowa Code §§ 85.63–.69. Iowa Code section 85.64 provides in part:

> If an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye, becomes permanently disabled by a compensable injury which has resulted in the loss of or loss of use of another such member or organ, the employer shall be liable only for the degree of disability which would have resulted from the latter injury if there had been no pre-existing disability. In addition to such compensation, and after the expiration of the full period provided by law for the payments thereof by the employer, the employee shall be paid out of the "Second Injury Fund" . . . the remainder of such compensation as would be payable for the degree of permanent disability involved after first deducting from such remainder the compensable value of the previously lost member or organ.

To trigger the application of section 85.64, the employee must establish

> "(1) the employee has either lost, or lost the use of a hand, arm, foot, leg, or eye; (2) the employee sustained the loss, or loss of use of another such member or organ through a work related—that is, compensable—injury; and (3) there must be some permanent disability from the injuries."

*Second Injury Fund v. Nelson*, 544 N.W.2d 258, 269 (Iowa 1995) (quoting *Second Injury Fund v. Shank*, 516 N.W.2d 808, 812 (Iowa 1994)). The prior loss or loss of use need not be work related. *See Shank*, 516 N.W.2d at 812. And the prior loss or loss of use does not have to be a total loss or loss of use. *Second Injury Fund v. Braden*, 459 N.W.2d 467, 469 (Iowa 1990). The Fund is responsible for the industrial disability present after the second injury that exceeds the disability attributable to the first and second injuries. *See* Iowa Code § 85.64.

"Unlike ordinary workers' compensation benefits, however, the [Fund's] obligation cannot be assessed until the employer's liability is fixed." *Braden*, 459 at 473. By statute, the voluntary payment of workers' compensation benefits does not establish the employer's liability. Iowa Code § 86.13(1).

Housley argues that where, as here, the employer volunteers payment of benefits, once the time passes within which the worker or the employer is allowed to seek agency adjustment of the proper compensation, the employer's "liability is fixed." There is some superficial appeal to the argument. But, while the employer and the employee may no longer challenge the *amount* of the payments, there remains the absence of a settlement or determination by the agency that the employee suffered a work-related injury for which the employer is responsible. *See* Iowa Code § 85.3(1) ("Every employer . . . shall provide, secure, and pay compensation . . . for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such cases, the

employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury.").

The commissioner wrote:

> Claimant argues that nowhere in the statutory language is there a stated requirement that there be a final adjudication either by an agreement for settlement or by agency decision of the employer's liability. Claimant argues that the credit to be given the Fund for the employer's portion of scheduled member liability can be determined without the employer's presence in this proceeding. Further, claimant argues that the same can be shown from the documents submitted confirming voluntary payment of weekly benefits to claimant. Claimant further argues that the Fund admits claimant was paid five weeks of permanent partial disability benefits prior to the arbitration hearing. However, I affirm the deputy commissioner's finding that the Fund merely admitted claimant was paid five weeks of permanency benefits, which is not the same thing as stipulating to the employer's extent of liability.

We agree. *Cf. Winnebago Indus., Inc. v. Haverly*, 727 N.W.2d 567, 571–75 (Iowa 2006) (discussing employer liability for purposes of issue preclusion, law of the case, and judicial estoppel and concluding the employer's admission of liability in an earlier alternate-medical-care proceeding was not binding in later contested workers' compensation proceeding).

This court considered whether an employer was a necessary party to a claimant's action against the Fund in *Eaton v. Second Injury Fund*, No. 05-0381, 2006 WL 2560854, at *4 (Iowa Ct. App. Sept. 7, 2006). There, Eaton voluntarily dismissed the action against the employer and proceeded against the Fund only. *Id.* at *1. At the agency hearing, the Fund argued the claimant needed to include the employer as a necessary party and needed to supply proof of either an adjudication of the employer's liability or settlement for the second injury date. *Id.* The commissioner and district court agreed. *Id.* at *2.

On appeal, Eaton claimed the employer is not a necessary party and he could proceed solely against the Fund, arguing there is no specific statutory requirement that he must recover workers' compensation benefits directly from the employer for the second loss in order to recover benefits from the Fund under section 85.64. *Id.* The Fund argued section 85.64 "requires the establishment of employer liability, either by an adjudication or an admission, as a prerequisite to determining the liability of the Fund." *Id.* This court concluded "it was the legislature's manifest intent in passing this statute to require the establishment of the employer's liability before allowing recovery from the Fund." *Id.* at *4.[2] We wrote:

> [W]here, as here, there has been no prior adjudication or settlement establishing the employer's liability the employer is a necessary party to the employee's action against the Fund.
> . . . .
> As stated in the arbitration decision, the employer's liability must be established directly against the employer and not collaterally in an action against the Fund only, because the employer is an actual party in interest and the employer is in a better position than the Fund to make an early and full investigation of the employee's claimed work injury.
> We note that because we have concluded it was the manifest intent of the legislature to require the determination of the liability of the second employer before allowing recovery from the Fund, we need not determine whether the *express language* of the statute *requires* the establishment of such liability as argued by the Fund. . . . [A]ssuming without deciding that no *express language* in the statute imposes the requirement argued by the fund, just as the manifest intent of the legislature prevails over the literal import of the words used, here the manifest intent of the legislature must prevail over the absence of an express requirement.

*Id.* (internal citations omitted).

---

[2] "Clearly, the manifest intent of our legislature prevails over the literal import of the words used." *State v. Anderson*, 636 N.W.2d 26, 35 (Iowa 2001).

Housley claims *Eaton* was overruled or made obsolete by the agency's later decisions. Housley argues the new commissioner has allowed claims against the Fund without the employer being named in as a party. She cites *Second Injury Fund v. George*, 737 N.W.2d 141 (Iowa 2007), and an agency ruling, *Grahovic v. Second Injury Fund,* File 5021995, 2009 WL 3382042 (Iowa Workers' Comp. Comm'n Oct. 9, 2009). We note that both cited claims involve a prior agreement for settlement with the employer, which is not the case here.

We agree with the Fund that *Eaton* simply states the minimum evidence a claimant must present to establish employer liability for the second alleged date of injury is a "prior adjudication or settlement." 2006 WL 2560854, at *4. We find no error of law. Because Housley failed to establish employer liability for the second asserted injury, her claim against the Fund failed. Discerning no error of law, we affirm.

**AFFIRMED.**